**RESNICK & LOUIS PC**
GARY GUELKER
222 South Main Street, 5th Floor
Salt Lake City, UT 84101
P: 801-960-3655
gguelker@rlattorneys.com
*Attorneys for Defendant James Dunn*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| KAMRON KEELE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>SNOW HAVEN RETREAT, LLC, a Utah limited liability company, JAMES DUNN, an individual, and DAVID MUSSELMAN, an individual;<br><br>Defendants. | **DEFENDANT JAMES DUNN'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**<br><br>Case No: 2:25-cv-00806-JCB |

Defendant James Dunn, by and through undersigned counsel, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and DU Civ. R. 7-1, hereby submits the following Motion to Dismiss based on plaintiff's failure to state a claim against this defendant upon which relief can be granted.

## SPECIFIC RELIEF SOUGHT AND GROUNDS THEREFOR

Defendant James Dunn moves this court to dismiss plaintiff's claims against him entirely pursuant to Rule 12(b)(6) of Federal Rules of Civil Procedure. This is because plaintiff's Amended Complaint fails to state a claim against Mr. Dunn upon which relief may be granted. With regard to plaintiff's civil claim brought pursuant to the federal Racketeer Influenced and Corrupt Organizations ("RICO") Act, this claim fails to allege facts which show that defendants were part

of any "enterprise" that engaged in a "pattern of racketeering activity." *See* 18 U.S.C. § 1962(c) (setting forth elements need to prove civil RICO claim). Plaintiff's state law claims brought pursuant to Utah's analogous Pattern of Unlawful Activity Act ("UPUAA") fail for the same reasons. Utah Code § 76-17-401, *et seq.*

In addition to his RICO / UPUAA claims, plaintiff has also asserted tort claims against Mr. Dunn for intentional infliction of emotional distress and interference with economic relations. These claims are based on a settlement offer letter that Mr. Dunn drafted on behalf of a client and sent to plaintiff. Since these statements were made in connection with a judicial proceeding, they are protected by the judicial proceeding privilege and plaintiff's related tort claims necessarily fail as a matter of law. Furthermore, plaintiff has failed to allege sufficient facts to support his claim for interference with economic relations because he does not identify any particular relationships that were actually damaged by the relevant letter.

Finally, plaintiff has asserted claims against Mr. Dunn for abuse of process and wrongful use of civil proceedings based on a wrongful lien lawsuit brought against plaintiff by co-defendant Snow Haven Retreat LLC ("Snow Haven") wherein Mr. Dunn represented Snow Haven. However, this claim fails as a matter of law because Mr. Dunn had probable cause to believe there was factual and legal basis for the lawsuit at the time he filed it on Snow Haven's behalf.

## STATEMENT OF RELEVANT FACTS

### I. INTRODUCTION

Plaintiff Kamron Keele has asserted a baseless and vexatious lawsuit against defendants James Dunn, David Musselman and Snow Haven that has no basis in law or fact. It is nothing more than an attempt to harass and inconvenience the defendants as revenge for years of litigation between Mr. Keele and defendant David Musselman stemming from a 2018 divorce proceeding.

Defendant James Dunn unwittingly became involved in this dispute only recently when he agreed to represent Mr. Musselman's company (Snow Haven) in a wrongful lien lawsuit against Mr. Keele. It appears that Mr. Keele has filed the present lawsuit in an attempt to obtain compensation for the time he spent litigating his disputes with Musselman and Snow Haven.

Keele was unable to recover attorney fees in any of his state court actions against Musselman and Snow Haven.[1] He has therefore moved his ongoing battle to federal court in another attempt to recover such fees. Specifically, Keele has invoked this court's federal question jurisdiction by asserting civil RICO claims against the defendants wherein Keele seeks compensation for the time spent litigating these state court matters. In order to do so, Keele grossly mischaracterizes the defendants as a criminal "enterprise" that is engaged in a "pattern" of criminal activity. However, Mr. Dunn's only alleged criminal activity was drafting and sending a settlement offer letter on behalf of Snow Haven/Musselman to Keele. These allegations in no way establish a civil RICO claim against Dunn, even when Keele's allegations are viewed in the light most favorable to Keele. As such, they are subject to dismissal pursuant to Rule 12(b)(6).

Finally, Keele has asserted various state law claims against Mr. Dunn that are also related to the litigation between Keele and Musselman/Snow Haven. These claims are also subject to dismissal pursuant to Rule 12(b)(6).

///

///

///

[1] Under Utah law, pro se litigants such as Mr. Keele cannot receive an award of attorney fees for his own time spent litigating. *See, e.g., Smith v. Batchelor,* 832 P.2d 467, 473 (Utah 1992) ("It is the general rule that pro se litigants should not recover attorney fees for successful litigation.")

## II. PLAINTIFF'S FACTUAL ALLEGATIONS.[2]

### A. History Between Keele and Musselman.

The long history of disputes between plaintiff Keele and defendant Musselman began in 2018, when Mr. Keele represented a client, Mr. Stoddard, in a divorce proceeding in Utah state court. (Amended Complaint at ¶¶ 18-19). Mr. Musselman is alleged to have advised Mr. Stoddard's wife in that divorce proceeding in some capacity. (*Id.* at ¶ 20). At some point, Musselman apparently advised Ms. Stoddard that Keele's actions in the divorce proceeding were unethical and that she should file an ethics complaint against Keele with the Utah State Bar for such conduct. (*Id.*). Ms. Stoddard proceeded to follow Musselman's advice and subsequently filed a complaint against Keele sometime in 2019. (*Id.* at ¶ 21). This complaint was subsequently dismissed by the Utah State Bar approximately six months later. (*Id.* at ¶ 22).

In 2020, Keele sued Musselman in Utah state court based on allegations that Musselman's advice to Ms. Stoddard constituted a tortious interference with Keele's economic relations. (*Id.* at ¶ 23). In October 2021, and as part of that lawsuit, the court ordered Musselman to pay $4,950.00 to Keele as a sanction for failing to comply with the court's discovery orders. (*Id.* at ¶ 24).

At the time the aforementioned sanctions were imposed, Musselman personally owned a mountain cabin in Salt Lake County, Utah (the "Property"). (*Id.* at ¶ 27). However, Musselman subsequently transferred the Property to Snow Haven via warranty deed in February 2022, *i.e.,* four months after sanctions were imposed against Musselman. (*Id.* at ¶¶ 27, 29).

In September 2022, Mr. Keele obtained a final judgment against Musselman in the tortious interference case in the amount of $161,000.00. (*Id.* at ¶ 32). He also obtained a separate judgment

[2] Defendant Dunn seeks to dismiss plaintiff's claims pursuant to Rule 12(b)(6). As such, the facts set forth herein are taken from plaintiff's complaint and are assumed to be true for purposes of this motion only. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (When considering a Rule 12(b)(6) motion to dismiss, the court must assume that factual allegations in the complaint are true).

for the $4,950.00 sanction award he had received. (*Id.*). Shortly after receiving these judgments, Mr. Keele attempted to collect by recording a Notice of Judgment against the Property, which at the time was owned by Snow Haven. (*Id.* at ¶¶ 32-33). Snow Haven was never a party to the lawsuit that Keele initiated against Musselman, and no judgments were ever entered against the company.

Two years later in 2024, and after a successful appeal by Musselman, the appellate court reversed the trial court's $161,000 judgment and remanded the case back to the trial court for further proceedings. (*Id.* at ¶ 32).

### B. Dunn's Representation of Snow Haven in Wrongful Lien Action

In early 2023, Snow Haven retained attorney James Dunn to determine whether the Notice of Judgment could be removed from the Property. (*Id.* at ¶¶ 34, 36). Dunn subsequently filed a wrongful lien claim against Keele on Snow Haven's behalf in Utah state court. (*Id.*). The lawsuit claimed that the Notice of Judgment was wrongful because the underlying judgments had not been entered against Snow Haven, but rather Musselman. As discussed above, Musselman no longer held title to the property at the time the Notice of Judgment was filed.

Keele acknowledged that the relevant judgments had been entered against Musselman and not Snow Haven. Nevertheless, Keele claimed that the Notice of Judgment was proper based on his position that Musselman's previous transfer of the property to Snow Haven was a voidable transfer and therefore void as to Mr. Keele and his ability to collect. (*Id.* at ¶¶ 36-37).

When Keele attempted to raise the aforementioned defense in the wrongful lien action, the court rejected the defense and stated that Keele instead needed to obtain a separate declaratory judgment holding that Musselman's property transfer to Snow Haven was void. (*Id.* at ¶ 41). Keele proceeded to file a separate declaratory judgment lawsuit against Snow Haven in Utah state

court, which was subsequently consolidated with Snow Haven's wrongful lien lawsuit. (*Id.* at ¶¶ 42, 44).

In November 2024, and shortly after the judgment in Keele's tortious interference lawsuit was reversed by the appellate court, Mr. Dunn drafted and sent a proposed settlement offer to Keele on behalf of Snow Haven and Musselman. The offer was an attempt to resolve all pending litigation between the parties, including Keele's initial lawsuit, the wrongful lien case and the declaratory judgment action. (*Id.* at ¶¶ 42, 44).[3]

Mr. Dunn's letter offered to resolve all pending litigation in exchange for a $200,000 payment from Keele. (Letter at p.2). In addition, Dunn stated that in exchange for payment, Mr. Musselman would agree not to submit a complaint to Utah State Bar based on allegations that Keele had illegally tampered with a witness in connection with Keele's tortious interference claim. (*Id.* at p.3). Specifically, Musselman claimed that Keele tampered with a fact witness by offering to represent the witness for free in a future action against Musselman if the witness agreed to provide testimony favorable to Keele. (*Id.*). As part of the settlement letter, Dunn stated as follows on behalf of Snow Haven and Musselman:

> *We propose settlement wherein you compensate Snow Haven Retreat the sum of $200,000. This obviously includes the qualified damages, past and current legal fees, and consideration for the additional economic and reputational penalties incurred by Mr. Musselman due to these unfortunate proceedings.*
>
> * * *
>
> *As part of the consideration for this settlement agreement, Mr. Musselman agrees to abstain from initiating, pursuing, or assisting in the initiation or pursuit of any complaint, grievance, or disciplinary proceeding against you with the Utah State Bar, related to any actions, conduct, or communications addressed in the settlement agreement or during the course of the Snow Haven versus Keele case or in the Keele versus Musselman case. This includes, but is not limited to, any unethical conduct or breach of your professional duties as an officer of the court such as reaching out to potential witnesses named by Snow Haven Retreat, and offering to*

---

[3] A copy of this settlement offer letter is attached to Plaintiff's initial Complaint and will be cited herein as the "Letter."

> *represent them for free to take legal action against Mr. Musselman if they also agree to assist you in your defense and your suggestions to witnesses that you "hate" Mr. Musselman will be included in any bar complaint.*

(*Id.* at pp.3-4).

Mr. Keele never accepted the foregoing settlement offer. (Amended Complaint at ¶117). Nor does Keele allege that either Mr. Dunn or Mr. Musselman ever filed the threatened Bar complaint against Mr. Keele. Rather, the two related lawsuits continued to be litigated. The consolidated wrongful lien litigation was eventually resolved in Keele's favor after the court determined that Musselman's transfer of the relevant property to Snow Haven was voidable under the circumstances such that Keele was entitled to file a Notice of his Judgment against the Property. (*Id.* at ¶ 175). Keele's lawsuit against Musselman was subsequently dismissed in Musselman's favor and a $19,916.50 judgment against Keele has been issued in Musselman's favor in that matter.[4]

## ARGUMENT

### I. STANDARD OF REVIEW

Defendant Dunn moves this Court to dismiss plaintiff's claims against him pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Under Rule 12(b)(6), a party may move the court to dismiss an action for failing "to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). For a complaint to survive a Rule 12(b)(6) motion to dismiss, the pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

[4] *See* Docket in *Keele v. Musselman,* Case No. 200905061, Third Judicial District Court, Salt Lake County, Utah, attached hereto as Ex. "A".

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The question is whether, if the allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1192 (10th Cir. 2009).

When considering a Rule 12(b)(6) motion to dismiss, the court must assume that factual allegations in the complaint are true, but it is "'not bound to accept as true a legal conclusion couched as a factual allegation[.]'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). And, while this pleading standard does not require "'detailed factual allegations,'" it demands more than a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" which, as the Supreme Court explained, "'will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

Mr. Keele's complaint in this matter asserts causes of action against Mr. Dunn and the co-defendants for (1) civil liability under the federal RICO statute, 18 U.S.C. § 1962(c); (2) civil liability under Utah's state-law RICO statute, Utah Code § 76-17-401; (3) wrongful use of civil proceedings; (4) abuse of process; (5) intentional infliction of emotional distress; (6) tortious interference with economic relations; and civil conspiracy. As discussed more fully below, the claims against Mr. Dunn are subject to dismissal in their entirety pursuant to Rule 12(b)(6).

## II. Federal RICO Claim

The federal RICO statute imposes both criminal and civil liability upon those who engage in certain "prohibited activities." *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 232 (1989). Specifically,

> RICO renders criminally and civilly liable "any person" who uses or invests income derived "from a pattern of racketeering activity" to acquire an interest in or to operate an enterprise engaged in interstate commerce, § 1962(a); who acquires or maintains an interest in or control of such an enterprise "through a pattern

> of racketeering activity," § 1962(b); who, being employed by or associated with such an enterprise, conducts or participates in the conduct of its affairs "through a pattern of racketeering activity," § 1962(c); or, finally, who conspires to violate the first three subsections of § 1962, § 1962(d). RICO provides for drastic remedies: … a person found in a private civil action to have violated RICO is liable for treble damages, costs, and attorney's fees, 18 U.S.C. § 1964(c).

*Id.* at 232-33.

In order to establish a civil RICO claim under federal law, a plaintiff must prove the following elements:

> (1) [I]nvestment in, control of, or conduct of (2) an enterprise (3) through a pattern (4) of racketeering activity.… "Racketeering activity" is defined in 18 U.S.C. § 1961(1)(B) as any "act which is indictable" under federal law and specifically includes mail fraud, wire fraud and racketeering. These underlying acts are "referred to as predicate acts, because they form the basis for liability under RICO."

*Tal v. Hogan*, 453 F.3d 1244, 1261 (10th Cir. 2006) (citation omitted).

In this case, plaintiff alleges that Dunn, Musselman and Snow Haven formed an enterprise for the purpose engaging in certain unlawful activities that were designed to cause him financial harm. (Amended Complaint at ¶149). Plaintiff alleges that Musselman's unlawful activity included his alleged unlawful practice of law, advice to Ms. Stoddard to file a Bar complaint and Musselman's decision to file a baseless lawsuit against him. (*Id.* at ¶ 114). With regard to Mr. Dunn, plaintiff alleges that his proposed settlement letter constituted the crimes of attempted extortion, attempted fraud and attempted blackmail under federal law. (*Id.* at ¶¶ 122-127). Based on these allegations, plaintiff claims to have suffered damages in the amount of $290,440.00, which he claims is the amount of compensation he's entitled to receive for the time spent dealing with the various lawsuits involving Musselman and Snow Haven. (*Id.* at ¶ 158). In turn, Keele seeks treble damages under the federal RICO statute in the amount of $871,320.00.

As will be discussed more fully below, plaintiff's civil RICO claims are deficient as a matter of law, even if one assumes that Dunn's alleged conduct constituted criminal acts (which

they did not). This is because plaintiff's allegations do not establish either an "enterprise" or a "pattern of unlawful activity," as those terms are defined under federal law. As such, plaintiff has failed to establish the requisite elements of a civil RICO claim, even when his allegations are viewed in the light most favorable to Keele.

**A. Plaintiff's Allegations Do Not Establish an "Enterprise" for RICO Purposes.**

In order to succeed on his RICO claims, plaintiff must prove that the defendants were part of an "enterprise" that engaged in a pattern of racketeering activity. *Tal*, 453 F.3d at 1261. The federal RICO statute defines an "enterprise" to include "any individual, partnership, corporation, association, or other legal entity, and any other union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). In interpreting this definition, the Supreme Court has held that an enterprise must be "proved by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuous unit." *Unites States v. Turkette,* 452 U.S. 576, 583 (1981). In other words, "[t]he 'enterprise' is not the 'pattern of racketeering activity'; it is an entity separate and apart of the pattern of activity in which it engages." *Id.*

"Simply conspiring to commit a fraud is not enough if the parties are not organized in a fashion that would enable them to function as a racketeering organization for other purposes." *First Magnus Fin. Corp. v. Star Equity Funding, L.L.C.*, 2007 U.S. Dist. LEXIS 8109, Case No. 06-2426, *13 (D. Kan. Feb. 2, 2007). This is because the hallmark of an "enterprise" for purposes of RICO is "structure." *United States v. Rogers*, 89 F.3d 1326, 1996 U.S. App. LEXIS 17567 (7th Cir.), *cert. denied*, 519 U.S. 999, (1996). "Most cases … require evidence of some sort of 'chain of command' or other evidence of a hierarchy, even a limited one." *First Magnus Fin. Corp., L.L.C.*, 2007 U.S. Dist. LEXIS 8109 at *14 (internal quotations and citations omitted). In addition,

proving an "enterprise" requires evidence of a both a common "purpose" and "longevity," *i.e.,* "proof that the association had 'affairs' of sufficient duration to permit an associate to 'participate in those affairs through a 'pattern of racketeering activity.'" *Boyle v. United States,* 556 U.S. 938, 946 (2009).

In this case, and even assuming the allegations in plaintiff's Amended Complaint are true, plaintiff has failed to allege sufficient facts to establish the existence of an "enterprise" for purposes of the RICO statute. For example, there are no allegations in the Amended Complaint which state that Musselman and Dunn were part of an association that had a hierarchical structure and which engaged in conduct separate from the purported wrongdoing that is being alleged in this case. Nor has plaintiff alleged facts showing that any alleged association had the requisite longevity or that it acted for purposes other than causing harm to Mr. Keele. At most, plaintiff has alleged a conspiracy between two individuals to cause harm to Mr. Keele through the litigation process. This alleged agreement, in the absence of any related organizational structure, ongoing common purpose and longevity, does not establish an "enterprise" for purposes of the federal RICIO statute.

In sum, plaintiff has failed to state a plausible RICO claim against Mr. Dunn because he has failed to allege sufficient facts from which the Court can conclude that Dunn and the other defendants formed or acted through the type of criminal "enterprise" that the RICO statute is intended to address. As such, plaintiff's civil RICO claim fails as a matter of law.

**B. Plaintiff's Allegations Do Not Establish a "Pattern of Unlawful Activity."**

Plaintiff's civil RICO claims also fail as a matter of law based on his failure to allege facts would show a "pattern of unlawful activity." Tal, 453 F.3d at 1261. To establish a "pattern" under RICO, "it must be shown that the predicates themselves amount to, or that they constitute a threat

of, *continuing* racketeering activity." *H. J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 240 (1989). To establish the requisite pattern, a plaintiff must allege facts which suggest "'long-term criminal conduct', not [] short-lived episodes unlikely to be repeated." *Schiffels v. Kemper Financial Services, Inc.,* 978 F.2d 344, 352 (7th Cir. 1992) (quoting *H.J., Inc.,* 492 U.S. at 242). As such, courts should consider both the duration and extensiveness of the alleged scheme to determine whether a "pattern" of unlawfulness exists. When evaluating extensiveness, courts consider "the number of victims, the number of racketeering acts, the variety of racketeering acts, whether the injuries were distinct, the complexity and size of the scheme, and the nature or character of the enterprise." *Johnson v. Heath,* 56 F.4th 851, 860 (10th Cir. 2022). No one factor is required or dispositive. *Id.* at 861.

Based on the foregoing, and assuming that the allegations of plaintiff's complaint are true, plaintiff has not sufficiently alleged a pattern of unlawful activity that will allow his federal RICO claim to survive. This is because the scheme which defendants are alleged to have perpetrated against Mr. Keele, even if it is assumed to be true, was not so extensive so as to constitute a pattern of unlawful activity. For example, defendants are not alleged to have harmed multiple victims. Nor are they alleged to have engaged in any so-called schemes other than their purported scheme to extort Mr. Keele. At most, plaintiff has alleged a single isolated scheme against a single victim. A single scheme designed to defraud a single victim does not constitute a pattern of unlawful activity under RICO, even if the scheme was to be accomplished through multiple illegal acts. *See Arnold v. Moran,* 687 F.Supp. 232, 236-37 (E.D. Va. 1988) (dismissing civil RICO complaint based on allegations of ordinary business fraud in which single scheme was alleged to have been perpetrated against a single victim.).

In sum, plaintiff has not adequately pled a federal civil RICO claim against Mr. Dunn. This is because plaintiff's factual allegations, even when taken as true, do not establish all the requisite elements needed to prove a RICO claim under federal law. Therefore, these claims are properly subject to dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## III. State Law Racketeering Claim

In addition to his federal RICO claim, plaintiff has also asserted a claim against defendant Dunn pursuant to Utah's Pattern of Unlawful Activity Act ("UPUAA"), Utah Code § 76-17-401, *et seq*. Like the RICO statute, UPUAA allows a person injured by a pattern of unlawful activity to bring a civil suit against the parties engaged in "prohibited conduct." *See* Utah Code § 76-17-403(1). "Prohibited conduct" is defined to include participation "in the conduct of an enterprise's affairs through a pattern of unlawful activity." Utah Code § 76-17-407(2)(c). In other words, UPUAA largely mirrors the federal RICO statute. As such, and to the extent the UPUAA borrows language from RICO, Utah courts will interpret such language to mean the same thing as it does under RICO statute. *Hill v. Estate of Allred,* 2009 UT 28, ¶ 36, 216 P.3d 929.

In this case, UPUAA defines the terms "enterprise" and "pattern of unlawful activity" essentially the same as the RICO statute does. *See* Utah Code §§ 76-17-401(1) and (2). As such, plaintiff's state law claims under UPUAA fail for the very same reasons as his RICO claims. He has failed to allege facts showing that the defendants were part of an "enterprise" that engaged in a "pattern of unlawful activity." Therefore, plaintiff's UPUAA claims are subject to dismissal pursuant to Rule 12(b)(6) of Federal Rules of Civil Procedure.

## IV. Plaintiff's State Law Claim Based on the Settlement Offer Letter Are Barred by the Judicial Proceeding Privilege.

In addition to his civil racketeering claims, plaintiff has asserted a state-law tort claim against Mr. Dunn for intentional infliction of emotional distress. Specifically, plaintiff alleges that

Dunn's settlement offer letter, which purportedly threatened to report plaintiff to the Utah State Bar for witness tampering, constituted outrageous and intolerable conduct designed to inflict plaintiff with emotional distress. *See MacKay v. Krause,* 2025 UT 37, ¶ 86, 575 P.3d 1162 (discussing requisite elements of claim for intentional infliction of emotional distress). However, there is no dispute that plaintiff's settlement offer was sent in connection with ongoing litigation between Snow Haven and Keele where Dunn was acting as counsel for Snow Haven. As such, Mr. Dunn is immune from liability for any statements made in his settlement offer.

Under the judicial proceeding privilege, "[t]he general rule is that … counsel involved in a judicial proceeding have an absolute privilege against suits alleging defamation." *Allen v. Ortiz,* 802 P.2d 1307, 1311 (Utah 1990). Courts have further held that "[t]he judicial proceeding privilege extends not only to defamation claims but to all claims arising from the same statements." *DeBry v. Godbe*, 1999 UT 111, ¶ 25, 992 P.2d 979. "The whole purpose of the judicial privilege is to ensure free and open expression by all participants in judicial proceedings by alleviating any and all fear that participation will subject them to the risk of subsequent legal actions." *Price v. Armour*, 949 P.2d 1251, 1258 (Utah 1997) (finding that the privilege barred an infliction of emotional distress claim).

Furthermore, Utah courts recognize a "broad interpretation of the term 'judicial proceeding.'" *DeBry*, 1999 UT 111, ¶ 14. For example, the privilege is not limited to in-court statements and "need not be relevant or pertinent to the judicial proceeding from an evidentiary point of view…." *Id.* at ¶ 16. Rather, the only requirement is that the statement have "some relationship to the cause or subject matter involved" in the proceeding. *Id.*

In this case, any statements which Mr. Dunn purportedly made to plaintiff in the context of a settlement offer are protected by the judicial proceeding privilege and cannot give rise to

liability. The statements were made in the course of a judicial proceeding because they had ”some relationship” to the pending lawsuits involving Mr. Keele, Mr. Musselman and Snow Haven. *DeBry*, 1999 UT 111, ¶ 16. Specifically, the statements were made in an effort to settle those lawsuits. Therefore, given the Utah courts' policy of ensuring free and open expression by litigants, plaintiff's claim for intentional infliction of emotional distress fails as a matter of law and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## V. PLAINTIFF'S STATE LAW CLAIM FOR INTERFERENCE WITH ECONOMIC RELATIONS.

Plaintiff has also sued Mr. Dunn under state law for intentional interference with economic relations. Specifically, plaintiff alleges that Mr. Dunn interfered with plaintiff's existing and prospective clients when Dunn sent the settlement letter that purportedly threatened to file a false ethics complaint against Mr. Keele with the Utah State Bar. However, this claim fails as a matter of law because plaintiff has not alleged any non-conclusory facts regarding the economic relations that were allegedly harmed by this communication. In fact, plaintiff does not allege that this letter was even seen by anyone other than the parties to this lawsuit.

Moreover, and to the extent this court believes that plaintiff has properly pled a claim for interference with economic relations, such claims are barred by the judicial proceeding privilege.

Under Utah law, tortious interference with economic relations is established when the plaintiff proves: "(1) that the defendant intentionally interfered with the plaintiff's existing or potential economic relations, (2) . . . by improper means, (3) causing injury to the plaintiff." *Eldridge v. Johndrow*, 2015 UT 21, ¶ 70, 345 P.3d 553 (alteration in original) (citation omitted). "To establish . . . improper means, a plaintiff must show 'that the defendant's means of interference were contrary to statutory, regulatory, or common law or violated an established

standard of a trade or profession.'" *Anderson Dev. Co. v. Tobias*, 2005 UT 36, ¶ 20, 116 P.3d 323 (citation omitted).

In this case, plaintiff alleges that the settlement offer letter which he received from Mr. Dunn was an improper attempt at extortion and blackmail. However, plaintiff fails to identify any specific attorney-client relationships or other business relationships that were actually harmed by the settlement offer letter. In fact, the complaint does not allege that any third parties ever saw this letter or were otherwise aware of this letter. Rather, plaintiff simply makes the following conclusory allegations regarding vague harm to unidentified economic relationships with unknown persons:

> 194. Plaintiff, a licensed attorney, has well-established relationships with his existing clients and he has prospective economic relationships with future clients and the broader legal community, which relationships are essential to his ability to practice law and to earn a living up until his anticipated retirement.
>
> 195. These relationships, existing and future, depend on his professional reputation and good standing with the state bar associations where he is licensed.
>
> 196. Defendants intentionally and improperly interfered with these relationships through series of wrongful and unlawful acts, which began with Musselman's instruction to Stoddard to file a meritless bar complaint and culminated in the criminal threats made in the Letter and the Email.

Amended Complaint at ¶¶ 194-96. These conclusory allegations do not suggest that any particular business relationship was damaged by Mr. Dunn's letter. Rather, they constitute a "formulaic recitation of the elements of a cause of action" which federal courts do not consider in determining whether a claim has been properly pled. *Twombly*, 550 U.S. at 555. Therefore, plaintiff's claim for intentional interference with economic relations against Mr. Dunn has not been properly pled and is subject to dismissal.

Moreover, and even if this court determines that plaintiff could establish a prima facie case of tortious interference against Mr. Dunn, this claim is still subject to dismissal. This is because

Mr. Dunn is immune from liability under the judicial proceeding privilege for the same reasons discussed above in connection with claim for infliction of emotional distress.

## VI. State Law Claims for Abuse of Process / Wrongful Use of Civil Proceedings.

Finally, plaintiff has sued Mr. Dunn for both wrongful use of civil proceedings and abuse of process under Utah state law. The claims stem from the wrongful lien lawsuit that Dunn filed against plaintiff on Snow Haven's behalf and which was ultimately resolved in plaintiff's favor.

While filed separately, plaintiff's claims for abuse of process and wrongful use of civil proceedings will be resolved using essentially the same standard. Under Utah law, a claim for abuse of process applies to "one who uses a legal process … against another primarily to accomplish a purpose for which it is not designed." *Gilbert v. Paul R. Ince & Callister,* 1999 UT 65, ¶ 17, 981 P.2d 841. Similarly, a claim for wrongful use of civil proceedings arises under the following circumstances:

> One who takes an active part in the initiation, continuation, or procurement of civil proceedings against another is subject to liability to the other for wrongful civil proceedings if (a) he [or she] acts without probable cause, and primarily for a purpose other than that of securing the proper adjudication of the claim in which the proceedings are based, and (b) … the proceedings have terminated in favor of the person against whom they are brought.

*Id.* at ¶ 19. In assessing whether "probable cause" for bringing a civil suit existed in a particular case, courts have held that a defendant does have the requisite probable cause "'if he reasonably believes in the existence of the facts upon which the claim is based, and … correctly or reasonably believes that under those facts the claim may be valid under the applicable law.'" *Id.* (quoting *Restatement (Second) of Torts § 675*).

Under both theories of liability, the pertinent question is whether the defendant initiated the relevant judicial proceeding "without probable cause and primarily for a purpose other than that of securing the proper adjudication of the claim." 1999 UT 65 at ¶ 20.

In this case, and by plaintiff's own admission, Mr. Dunn did have probable cause to assert the relevant wrongful lien lawsuit on Snow Haven's behalf. There is no dispute that Snow Haven held title to the Property against which plaintiff filed his Notice of Judgment at the time the Notice was filed. (Amended Complaint at ¶¶ 27, 33). Furthermore, there is no dispute that the underlying Judgment which plaintiff filed against the Property was entered against Mr. Musselman, not Snow Haven. (*Id.* at ¶ 32). As such, there was a factual basis for the wrongful lien lawsuit because the lien pertained to judgment entered against someone other than the property owner.[5]

Plaintiff claims that the foregoing lawsuit was nevertheless baseless because the transaction by which Musselman originally transferred the property to Snow Haven constituted a voidable transfer. (*Id.* at ¶ 35). However, plaintiff also admits that he was not permitted to raise this "voidable transfer" defense in the wrongful lien action unless and until there was an actual court order which determined that the property transfer was voidable. (*Id.* at ¶ 41). As such, plaintiff was required to file a separate declaratory judgment lawsuit in order to effectively void the transfer and raise his defense. (*Id.* at ¶ 42).

Based on the foregoing, it is clear that Mr. Dunn had probable cause to file a wrongful lien lawsuit on Snow Haven's behalf. Plaintiff's argument that Musselman's transfer of the Property to Snow Haven was void was not an impediment to filing the lawsuit because no court had ever invalidated the property's transfer to Snow Haven. In the absence of such an order, there were no facts from which a court could have upheld plaintiff's filing of the Notice of Judgment. It was only after the trial court held a week-long trial and determined that the transfer was voidable that

---

[5] Utah's wrongful lien statute defines a "wrongful lien" to include "any document that purports to create a … notice of interest … and at the time it is recorded is not:… authorized by or contained in an order or judgment of a court of competent jurisdiction in the state…." Utah Code § 38-9-102(12)

the Notice of Judgment became valid. Prior to that ruling, the Notice of Judgment which plaintiff filed was wrongful on its face, thus justifying Dunn's decision to file the lawsuit.

Based on the foregoing, plaintiff has alleged facts which show that Dunn's decision to file the wrongful lien statute was justified given the absence of any ruling voiding the relevant property transfer. As such, plaintiff's claims for abuse of process and wrongful use of civil proceedings fail as a matter of law.

## VI. PLAINTIFF'S CIVIL CONSPIRACY CLAIM FAILS AS A MATTER OF LAW.

Finally, plaintiff has alleged a civil conspiracy between the defendants to "accomplish the unlawful objectives to harass and intimidate Plaintiff, damage his business and reputation as an attorney, compel him to abandon [his lawsuit against Musselman], and extort/blackmail Plaintiff to pay them money, to 'destroy' his career, among other things." (Amended Complaint at ¶165). In order to prove this claim, plaintiff must show that these two defendants agreed to perform "one or more unlawful, overt acts" in combination with one another that resulted in damages to plaintiff. *Alta v. Hurst,* 846 P.2d 1282, 1290 n.17 (Utah 1993).

In this case, the alleged unlawful acts which plaintiff relies on for his conspiracy claims are the same claims she has asserted against each defendant individually, i.e., abuse of process, wrongful use of civil proceedings and the sending of an improper settlement letter. (Amended Complaint at ¶ 165). However, Dunn has already shown above that such claims fail as a matter of law and must be dismissed. Accordingly, plaintiffs' civil conspiracy claim necessarily fails as well.

## CONCLUSION

Based on the foregoing, Defendant James Dunn respectfully request this Court to dismiss

plaintiff's claims against Mr. Dunn in their entirety pursuant to Rule 12(b)(6), Federal Rules of Civil procedure.

DATED this 15th day of December 2025.

**RESNICK & LOUIS, P.C.**

By *<u>/s/ Gary Guelker</u>*
Gary Guelker
RESNICK & LOUIS, PC
222 South Main Street, 5th Floor
Salt Lake City, Utah 84101
*Attorneys for Defendant James Dunn*

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on December 15, 2025, I electronically served a copy of the foregoing **DEFENDANT JAMES DUNN'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)** on all the parties to this case by utilizing the court's electronic filing service.

*<u>/s/ Carol Sibiga</u>*
RESNICK & LOUIS, P.C.

# EXHIBIT A

THIRD JUDICIAL DISTRICT - SALT LAKE COUNTY DISTRICT COURT
SALT LAKE COUNTY, STATE OF UTAH
APPEALED: CASE # 20250500

KAMRON KEELE vs. DAVID MUSSELMAN

CASE NUMBER 200905061 Intentional Tort

CURRENT ASSIGNED JUDGE
MATTHEW BATES

PARTIES
Plaintiff - KAMRON KEELE
Represented by: KAMRON KEELE

Defendant - DAVID MUSSELMAN
Represented by: MICHAEL TETER

Intervenor - PAMELA MUSSELMAN

ACCOUNT SUMMARY

| | |
|---|---|
| Total Revenue Amount Due: | 1,160.00 |
| Amount Paid: | 1,160.00 |
| Amount Credit: | 0.00 |
| Balance: | 0.00 |
| Bail/Cash Bonds Amount Due: | 181,000.00 |
| Amount Paid: | 0.00 |
| Amount Credit: | 181,000.00 |
| Balance: | 0.00 |

Trust Totals:

| | |
|---|---|
| Trust Due: | 181,000.00 |
| Amount Paid: | 181,000.00 |
| Amount Credit: | 0.00 |
| Trust Balance Due: | 0.00 |

REVENUE DETAIL - TYPE: COMPLAINT 10K-MORE

| | |
|---|---|
| Amount Due: | 375.00 |
| Amount Paid: | 375.00 |
| Amount Credit: | 0.00 |
| Balance: | 0.00 |

REVENUE DETAIL - TYPE: JURY DEMAND - CIVIL

| | | |
|---|---|---|
| Original Amount Due: | 250.00 | |
| Amended Amount Due: | 0.00 | |
| Amount Paid: | 0.00 | |
| Amount Credit: | 0.00 | |
| Balance: | 0.00 | |
| Account Adjustments Sum To Date | Amount | Reason |
| 2020-11-09 | -250.00 | Filer Error - selected by mistake |

REVENUE DETAIL - TYPE: ELEC STORAGE MEDIUM

| | |
|---|---|
| Amount Due: | 15.00 |

| | |
|---|---|
| Amount Paid: | 15.00 |
| Amount Credit: | 0.00 |
| Balance: | 0.00 |

REVENUE DETAIL - TYPE: APPEAL

| | |
|---|---|
| Amount Due: | 240.00 |
| Amount Paid: | 240.00 |
| Amount Credit: | 0.00 |
| Balance: | 0.00 |

REVENUE DETAIL - TYPE: WRIT OF EXECUTION

| | |
|---|---|
| Amount Due: | 50.00 |
| Amount Paid: | 50.00 |
| Amount Credit: | 0.00 |
| Balance: | 0.00 |

REVENUE DETAIL - TYPE: COPY FEE

| | | |
|---|---|---|
| Original Amount Due: | 5.00 | |
| Amended Amount Due: | 0.00 | |
| Amount Paid: | 0.00 | |
| Amount Credit: | 0.00 | |
| Balance: | 0.00 | |
| Account Adjustments Sum To Date | Amount | Reason |
| 2023-06-06 | -5.00 | no longer needs |

BAIL/CASH BOND DETAIL - TYPE: CASH BOND: Civil, Misc.

| | |
|---|---|
| Posted By: | PIONEER TITLE INSURANCE AGENCY |
| Posted: | 181,000.00 |
| Forfeited: | 0.00 |
| Exonerated: | 181,000.00 |
| Balance: | 0.00 |

REVENUE DETAIL - TYPE: APPEAL

| | |
|---|---|
| Amount Due: | 240.00 |
| Amount Paid: | 240.00 |
| Amount Credit: | 0.00 |
| Balance: | 0.00 |

TRUST DETAIL

| | |
|---|---|
| Trust Description: | Bail/Bond Refund |
| Recipient: | DAVID MUSSELMAN |
| Amount Due: | 181,000.00 |
| Paid In: | 181,000.00 |
| Paid Out: | 181,000.00 |

REVENUE DETAIL - TYPE: APPEAL

| | |
|---|---|
| Amount Due: | 240.00 |
| Amount Paid: | 240.00 |
| Amount Credit: | 0.00 |
| Balance: | 0.00 |

CASE NOTE

PROCEEDINGS

08-07-2020 Filed: Complaint
08-07-2020 Case filed by efiler
08-07-2020 Fee Account created Total Due: 375.00
08-07-2020 COMPLAINT 10K-MORE Payment Received: 375.00
08-07-2020 Judge JAMES GARDNER assigned.
08-07-2020 Note: discovery tier set to 3
08-07-2020 Filed: Return of Electronic Notification
10-08-2020 Filed return: Summons on Return upon CONNER MUSSELMAN for
Party Served: DAVID MUSSELMAN
Service Type: Personal
Service Date: October 07, 2020
Garnishee:
10-08-2020 Filed: Return of Electronic Notification
10-30-2020 Filed: Answer David Musselman Answer
Answer Party: DAVID MUSSELMAN
10-30-2020 Filed: Correspondence Response to Safe harbor
10-30-2020 Filed: Correspondence Rule 11 Safe Harbor Letter
11-03-2020 Note: Certificate of Readiness for Trial due 11/12/2021
11-03-2020 Fee Account created Total Due: 250.00
11-03-2020 Filed: NOTICE OF EVENT DUE DATES
11-03-2020 Filed: Return of Electronic Notification
11-03-2020 Filed: Affidavit/Declaration re: Motion for Entry of Default Judgment
11-03-2020 Filed: Motion for Entry of Default Judgment
Filed by: KAMRON KEELE
11-03-2020 Filed: Order (Proposed) for Default Judgment
11-03-2020 Filed: Return of Electronic Notification
11-03-2020 Filed: Other - Not Signed Order (Proposed) for Default Judgment
11-03-2020 Note: An answer was filed by the defendant
11-03-2020 Filed: Return of Electronic Notification
11-03-2020 Note: PLA Email Address changed from
11-03-2020 Note: PLA Email Address changed to kamronkeele@gmail.com
11-03-2020 Ruling Entry - ORDER OF RECUSAL
Judge: JAMES GARDNER
Due to a prior personal relationship, the undersigned hereby recuses from further participation in this matter. The case will be referred to the presiding judge for reassignment.
11-03-2020 Filed order: ORDER OF RECUSAL
Judge JAMES GARDNER
Signed November 03, 2020
11-03-2020 Filed: Notice of Withdrawal of Plaintiffs Motion for Entry of Default Order
11-03-2020 Filed: Return of Electronic Notification
11-03-2020 Filed: Return of Electronic Notification
11-04-2020 Filed order: Order of Reassignment - This matter is reassigned to Judge Matthew Bates.
Judge MARK KOURIS
Signed November 04, 2020
11-04-2020 Judge MATTHEW BATES assigned.

11-04-2020 Filed: Return of Electronic Notification

11-09-2020 Note: Tyler Ayres has been notified by voice message of the unpaid $250 fee for the Jury Demand selection with the Answer filed 10/30/20. Advised to pay online or to contact the credit card phone line. LAH

11-09-2020 Note: Tyler Ayres confirmed with clerk that he is not demanding a jury trial. Fee is adjusted to zero. LAH

11-09-2020 JURY DEMAND - CIVIL Account Adjustment Total Due: 0.00
Reason: Filer Error - selected by mistake

11-13-2020 Filed: Plaintiffs Initial Disclosures

11-13-2020 Filed: Return of Electronic Notification

11-29-2020 Filed: Affidavit/Declaration (Plaintiff) in Support of his Motion for Partial Summary Judgment

11-29-2020 Filed: Exhibit List for Exhibits A-J in Support of Plaintiffs Affidavit in Support of Motion for Partial Summary Judgment

11-29-2020 Filed: Exhibit List for Exhibits K-P in Support of Plaintiffs Affidavit in Support of Motion for Partial Summary Judgment

11-29-2020 Filed: Motion for Partial Summary Judgment
Filed by: KAMRON KEELE

11-29-2020 Filed: Return of Electronic Notification

12-31-2020 Filed: Affidavit/Declaration Musselman Affidavit

12-31-2020 Filed: Olsen Complaint

12-31-2020 Filed: Olsen Decision

12-31-2020 Filed: Opposition to Motion for Partial Summary Judgment

12-31-2020 Filed: initial disclosures

12-31-2020 Filed: Return of Electronic Notification

01-02-2021 Filed: Reply to Defendants Opposition to Plaintiffs Motion for Partial Summary Judgment

01-02-2021 Filed: Request/Notice to Submit re: Plaintiffs Motion for Partial Summary Judgment

01-02-2021 Filed: Return of Electronic Notification

01-04-2021 Note: Efiled RTS sent to Bates team

01-04-2021 Note: Request to submit assigned to the Judge for review.

01-15-2021 Filed order: Memorandum Decision and Certificate of Notification
Judge MATTHEW BATES
Signed January 15, 2021

01-15-2021 Filed: Return of Electronic Notification

02-04-2021 Filed: Certificate of Service for Plaintiffs Second Discovery Request

02-04-2021 Filed: Return of Electronic Notification

02-11-2021 Filed: Order (Proposed) Stipulated Protective Order

02-11-2021 Filed: Return of Electronic Notification

02-15-2021 Filed: Order (Proposed) re: Statement of Discovery Issues

02-15-2021 Filed: Statement of Discovery Issues

02-15-2021 Filed: Return of Electronic Notification

02-15-2021 Filed: Motion for Reprimand, for Sanctions, and for Attorneys Fees
Filed by: KAMRON KEELE

02-15-2021 Filed: Return of Electronic Notification

02-15-2021 Filed: Notice of Subpoena duces tecum

02-15-2021 Filed: Return of Electronic Notification

02-15-2021 Filed: Notice of Subpoena duces tecum (corrected)

02-15-2021 Filed: Return of Electronic Notification

02-16-2021 Filed order: Order Stipulated Protective Order

Judge MATTHEW BATES
Signed February 16, 2021

02-16-2021 Filed: Return of Electronic Notification
02-16-2021 Filed: Notice of Subpoena duces tecum 2
02-16-2021 Filed: Return of Electronic Notification
03-01-2021 Filed: Other - Not Signed Order (Proposed) re: Statement of Discovery Issues
03-01-2021 Note: A Request to Submit is required according to Rule 7 (civil), unless the Order is approved as to form by all parties. Court will not hold Proposed Orders.
03-01-2021 Filed: Return of Electronic Notification
03-02-2021 Filed: Order (Proposed) re: Plaintiffs Statement of Discovery Issues
03-02-2021 Filed: Request/Notice to Submit re: Plaintiffs Statement of Discovery Issues
03-02-2021 Filed: Return of Electronic Notification
03-02-2021 Filed: Order (Proposed) re: Plaintiffs Motion for Reprimand, for Sanctions, and for Attorneys Fees
03-02-2021 Filed: Request/Notice to Submit re: Plaintiffs Motion for Reprimand, for Sanctions, and for Attorneys Fees
03-02-2021 Note: efiled order sent to judge
03-02-2021 Filed: Return of Electronic Notification
03-04-2021 Filed: Opposition to Discovery Issues - Motion to Compel
03-04-2021 Filed: Return of Electronic Notification
03-10-2021 Filed order: Order re: Plaintiffs Statement of Discovery Issues

Judge MATTHEW BATES
Signed March 10, 2021

03-10-2021 Filed: Return of Electronic Notification
04-22-2021 Filed order: Memorandum Decision and Certificate of Notification

Judge MATTHEW BATES
Signed April 22, 2021

04-23-2021 Filed: Return of Electronic Notification
04-27-2021 Filed: Other - Not Signed Order (Proposed) re: Plaintiffs Motion for Reprimand, for Sanctions, and for Attorneys Fees
04-27-2021 Filed: Return of Electronic Notification
05-06-2021 Filed: Notice of Subpoena duces Tecum
05-06-2021 Filed: Return of Electronic Notification
06-01-2021 Filed: Notice of Subpoena Duces Tecum
06-01-2021 Filed: Return of Electronic Notification
08-09-2021 Filed: Memorandum in support of Motion to Dismiss and/or Summary Judgment
08-09-2021 Filed: Motion to Dismiss and/or for Summary Judgment

Filed by: DAVID MUSSELMAN

08-09-2021 Filed: Original Complaint
08-09-2021 Filed: Previous decision against Plaintiff
08-09-2021 Filed: Response to Rule 11 letter
08-09-2021 Filed: Rule 11 Letter from Defendant
08-09-2021 Filed: Safe Harbor Letter
08-09-2021 Filed: Return of Electronic Notification
08-15-2021 Filed: Motion to Compel (Re Plaintiffs Statement of Discovery Issues) and for Award of Attorneys Fees

Filed by: KAMRON KEELE

08-15-2021 Filed: Return of Electronic Notification
08-20-2021 Filed: Opposition to Defendants Motion to Dismiss and for

| | |
|---|---|
| | Summary Judgment |
| 08-20-2021 | Filed: Return of Electronic Notification |
| 08-31-2021 | Filed: Affidavit/Declaration re Defendants Motion to Dismiss and/or for Summary Judgment |
| 08-31-2021 | Filed: Order (Proposed) re Defendants Motion to Dismiss and/or for Summary Judgment |
| 08-31-2021 | Filed: Request/Notice to Submit re Defendants Motion to Dismiss and/or for Summary Judgment |
| 08-31-2021 | Filed: Return of Electronic Notification |
| 08-31-2021 | Filed: Affidavit/Declaration of Fees re Plaintiffs Motion to Compel Production of Electronic Communications and Documents and for Award of Attorneys Fees |
| 08-31-2021 | Filed: Order (Proposed) re Plaintiffs Motion to Compel Production of Electronic Communications and Documents and for Award of Attorneys Fees |
| 08-31-2021 | Filed: Request/Notice to Submit re Plaintiffs Motion to Compel Production of Electronic Communications and Documents and for Award of Attorneys Fees |
| 08-31-2021 | Filed: Return of Electronic Notification |
| 08-31-2021 | Note: Efiled orders sent to Judge. |
| 09-13-2021 | Filed: Request/Notice to Submit Failure to State a Claim or Summary Judgment |
| 09-13-2021 | Filed return: Return of Service upon VIA GREENFILING for<br>Party Served: KAMRON KEELE<br>Service Type: Personal<br>Service Date: September 13, 2021<br>Garnishee: |
| 09-13-2021 | Filed: Return of Electronic Notification |
| 09-14-2021 | Note: Request to Submit sent to Judge's team. |
| 09-14-2021 | Note: The RTS filed on 9/14/21 provided to the judge. JP |
| 10-14-2021 | Filed order: Memorandum Decision<br>Judge MATTHEW BATES<br>Signed October 13, 2021 |
| 10-14-2021 | Filed: Return of Electronic Notification |
| 10-15-2021 | Filed order: Order<br>Judge MATTHEW BATES<br>Signed October 14, 2021 |
| 10-16-2021 | Filed: Return of Electronic Notification |
| 10-22-2021 | Filed: Motion (Hearing Requested) for Clarification<br>Filed by: DAVID MUSSELMAN |
| 10-22-2021 | Filed: Motion (Hearing Requested) Failure to State a Claim<br>Filed by: DAVID MUSSELMAN |
| 10-22-2021 | Filed: Return of Electronic Notification |
| 10-29-2021 | Filed: Other - Not Signed Order (Proposed) re Defendants Motion to Dismiss and/or for Summary Judgment |
| 10-29-2021 | Filed: Other - Not Signed Order (Proposed) re Plaintiffs Motion to Compel Production of Electronic Communications and Documents and for Award of Attorneys Fees |
| 10-29-2021 | Filed: Return of Electronic Notification |
| 10-29-2021 | Filed: Return of Electronic Notification |
| 10-31-2021 | Filed: Affidavit/Declaration of Plaintiff (re: Entry of Order and Default Judgment) |
| 10-31-2021 | Filed: Default Judgment (Proposed) |
| 10-31-2021 | Filed: Return of Electronic Notification |
| 11-01-2021 | Note: efiled order sent to judge |
| 11-03-2021 | Filed: Opposition to Motion for Default |

11-03-2021 Filed: e-mail to Kamron Keele

11-03-2021 Filed: Return of Electronic Notification

12-07-2021 Filed: Other - Not Signed Default Judgment (Proposed)

12-07-2021 Note: Opposition filed, and motion has not been submitted for decision. Proposed judgment is premature. See Rule 58A(c)(1), Utah Rules of Civil Procedure.

12-07-2021 Filed: Return of Electronic Notification

12-07-2021 Filed: Default Judgment (Proposed)

12-07-2021 Filed: Request/Notice to Submit re: Proposed Order and Default Judgment

12-07-2021 Filed: Return of Electronic Notification

12-08-2021 Note: Efiled order sent to Judge.

12-17-2021 NOTICE for Case 200905061 ID 22388753

Judge: MATTHEW BATES

DEFAULT MOTION/RULE 16 CONF is scheduled.

Date: 01/24/2022

Time: 01:30 p.m.

Before Judge: MATTHEW BATES

Due to the ongoing COVID-19 Pandemic, this hearing will be conducted via Webex video conferencing. The link provided in this notice is the link you will need to attend the hearing. A Webex invitation will not be sent.

https://utcourts.webex.com/meet/bates

If the court does not have a functioning email for counsel/parties/witnesses please contact the Bates team at least 7 days prior to the hearing. If evidence will be taken submit 2 paper copies of the exhibits at least 7 days prior to hearing.

All counsel/parties/witnesses will need to have a fully functioning webcam and microphone. It can be a laptop, tablet or cell phone. Parties/witnesses may attend the video conference with counsel using the same device.

The courthouse has public computers located in the jury assembly room if needed. If you have questions, you may contact the judicial assistants at 801-233-9955 or email at 3rdbatesteam@utcourts.gov.

This hearing will not take place at the courthouse. It will be conducted remotely.

Contact the court to provide your current email address.

If you do not have access to a phone or other electronic device to appear remotely, notify the court.

12-17-2021 DEFAULT MOTION/RULE 16 CONF scheduled on January 24, 2022 at 01:30 PM in West Jordan Room 23 with Judge MATTHEW BATES

12-17-2021 Filed: Notice for Case 200905061 TI: Judge MATTHEW BATES

12-18-2021 Filed: Return of Electronic Notification

01-24-2022 Minute Entry - DEFAULT MOTION/RULE 16 CONFERNCE

Judge: MATTHEW BATES

Clerk: julilp

PRESENT

Plaintiff's Attorney(s): KAMRON KEELE

Defendant's Attorney(s): TYLER AYRES

Audio

Tape Number: 23 Tape Count: 1:34-2:08

HEARING

This matter comes before the court on a Default Motion/Rule 16 Conference.
Due to the Covid-19 restrictions this matter is held by WebEx video.
The Court has scheduled this matter to get clarification on the pending Motion for Default Judgment and Motion for Summary Judgment.
After discussion the court directs Mr. Ayres to submit full release documents to Mr. Keele within seven days. Mr. Ayres is to submit briefs as discussed on the record and is to prepare the amended order.

The Court continues this matter without date.

01-25-2022 Filed: Other - Not Signed Default Judgment (Proposed)

01-25-2022 Note: Default request denied.

01-25-2022 Filed: Return of Electronic Notification

01-28-2022 Filed: Stipulation of facts on the record

01-28-2022 Filed: Return of Electronic Notification

01-28-2022 Filed: Motion (Renewed) for Partial Summary Judgment (Plaintiff)
Filed by: KAMRON KEELE

01-28-2022 Filed: Return of Electronic Notification

02-16-2022 Filed: Request/Notice to Submit (re: Plaintiffs Renewed Motion for Partial Summary Judgment)

02-16-2022 Filed: Order (Proposed) (re: Plaintiffs Renewed Motion for Partial Summary Judgment)

02-16-2022 Filed: Return of Electronic Notification

02-16-2022 Note: Efiled order sent to Judge.

02-16-2022 Filed order: Order (re: Plaintiffs Renewed Motion for Partial Summary Judgment)
Judge MATTHEW BATES
Signed February 16, 2022

02-16-2022 Note: Signed with additions by the court in underline text.

02-16-2022 Filed: Return of Electronic Notification

02-16-2022 Filed: Certificate of Readiness for Trial

02-16-2022 Filed: Return of Electronic Notification

02-17-2022 Note: Certificate of Readiness sent to Judge's team.

02-17-2022 Note: Certificate and Readiness for Trial given to the judge. JP

02-25-2022 NOTICE for Case 200905061 ID 22553750
Judge: MATTHEW BATES
SCHEDULING CONFERENCE - WEBEX is scheduled.
Date: 03/21/2022
Time: 10:00 a.m.
Before Judge: MATTHEW BATES
Due to the ongoing COVID-19 Pandemic, this hearing will be conducted via Webex video conferencing. The link provided in this notice is the link you will need to attend the hearing. A Webex invitation will not be sent.
https://utcourts.webex.com/meet/bates
The courthouse has public computers located in the jury assembly room if needed. If you have questions, you may contact the judicial assistants at 801-233-9955 or email at 3rdbatesteam@utcourts.gov.
This hearing will not take place at the courthouse. It will be conducted remotely.
Contact the court to provide your current email address.
If you do not have access to a phone or other electronic device to appear remotely, notify the court.

02-25-2022 Cancelled: SCHEDULING CONFERENCE - WEBEX scheduled on March 21, 2022 at 10:00 AM in West Jordan Room 23 with Judge MATTHEW BATES

02-25-2022 Filed: Notice for Case 200905061 TI: Judge MATTHEW BATES

02-26-2022 Filed: Return of Electronic Notification

02-28-2022 NOTICE for Case 200905061 ID 22559247

Judge: MATTHEW BATES

SCHEDULING CONFERENCE - WEBEX is scheduled.

Date: 03/21/2022

Time: 10:00 a.m.

Before Judge: MATTHEW BATES

Due to the ongoing COVID-19 Pandemic, this hearing will be conducted via Webex video conferencing. The link provided in this notice is the link you will need to attend the hearing. A Webex invitation will not be sent.

https://utcourts.webex.com/meet/bates

If the court does not have a functioning email for counsel/parties/witnesses please contact the Bates team at least 7 days prior to the hearing. If evidence will be taken submit 2 paper copies of the exhibits at least 7 days prior to hearing.

All counsel/parties/witnesses will need to have a fully functioning webcam and microphone. It can be a laptop, tablet or cell phone. Parties/witnesses may attend the video conference with counsel using the same device.

The courthouse has public computers located in the jury assembly room if needed. If you have questions, you may contact the judicial assistants at 801-233-9955 or email at 3rdbatesteam@utcourts.gov.

This hearing will not take place at the courthouse. It will be conducted remotely.

Contact the court to provide your current email address.

If you do not have access to a phone or other electronic device to appear remotely, notify the court.

02-28-2022 Modified: SCHEDULING CONFERENCE - WEBEX scheduled on March 21, 2022 at 10:00 AM in West Jordan Room 23 with Judge MATTHEW BATES

02-28-2022 Filed: Notice for Case 200905061 TI: Judge MATTHEW BATES

02-28-2022 SCHEDULING CONFERENCE - WEBEX scheduled on March 21, 2022 at 10:00 AM in West Jordan Room 23 with Judge MATTHEW BATES

03-01-2022 Filed: Return of Electronic Notification

03-21-2022 WX - FINAL PRETRIAL CONFERENCE scheduled on September 06, 2022 at 09:00 AM in West Jordan Room 23 with Judge MATTHEW BATES

03-21-2022 WX - TRIAL-BENCH scheduled on September 12, 2022 at 09:00 AM in West Jordan Room 23 with Judge MATTHEW BATES

03-21-2022 Cancelled: WX - TRIAL-BENCH scheduled on September 13, 2022 at 09:00 AM in West Jordan Room 23 with Judge MATTHEW BATES

03-21-2022 Minute Entry - SCHEDULING CONFERENCE

Judge: MATTHEW BATES

Clerk: julilp

PRESENT

Plaintiff's Attorney(s): KAMRON KEELE

Audio

Tape Number: 23 Tape Count: 10:17

HEARING

This matter comes before the court on a Schedule Conference.
Due to the Covid-19 restrictions this hearing is being held by WebEx video.

Defense counsel, Tyler Ayres, is not present. The court verifies that the notices were properly sent.
Mr. Keele requests a two day bench trial.

A two bench trial is scheduled on September 12 and 13, 2022, which is going to be held by WebEx video. A final pretrial hearing is scheduled on September 06, 2022 at 9:00 AM.

Pretrial disclosures are to be filed no later than August 05, 2022.
Motions in limine are to be filed no later than August 12, 2022.

Paper exhibits are to be filed with the clerk prior to the trial.
Counsel shall file courtesy copies with the court via Google shared drive. They must contact the clerk to set up the drive folder.

WX - FINAL PRETRIAL CONFERENCE is scheduled.
Date: 09/06/2022
Time: 09:00 a.m.
Before Judge: MATTHEW BATES

WX - TRIAL-BENCH is scheduled.
Date: 09/12/2022
Time: 09:00 a.m.
Before Judge: MATTHEW BATES

WX - TRIAL-BENCH.
Date: 09/13/2022
Time: 09:00 a.m.
Before Judge: MATTHEW BATES
This hearing will not take place at the courthouse. It will be conducted remotely.
Contact the court to provide your current email address.
If you do not have access to a phone or other electronic device to appear remotely, notify the court.

03-22-2022 Filed: Return of Electronic Notification
03-22-2022 Filed: Order (Proposed) Scheduling Order
03-22-2022 Filed: Return of Electronic Notification
03-22-2022 Note: efiled order sent to judge
03-25-2022 Filed order: Order Scheduling Order
Judge MATTHEW BATES
Signed March 25, 2022
03-25-2022 Filed: Return of Electronic Notification
04-01-2022 Filed: Motion to Enforce Order and for Sanctions against Defendant
Filed by: KAMRON KEELE
04-01-2022 Filed: Order to Show Cause (Proposed) (re: Motion to Enforce Order and for Sanctions against Defendant)
04-01-2022 Filed: Request/Notice to Submit (re: Motion to Enforce Order and for Sanctions against Defendant)
04-01-2022 Filed: Return of Electronic Notification
04-04-2022 Note: Efiled order sent to Judge's team.
04-07-2022 Filed: Motion (Hearing Requested) Reconsideration 60b
Filed by: DAVID MUSSELMAN

04-07-2022 Filed: Motion (Hearing Requested) summary judgment
Filed by: DAVID MUSSELMAN
04-07-2022 Filed: Opposition to to Motion for Sanctions
04-07-2022 Filed: Return of Electronic Notification
04-07-2022 Filed: Affidavit/Declaration D. Musselman
04-07-2022 Filed: Affidavit/Declaration of K. Stoddard
04-07-2022 Filed: Motion (Hearing Requested) with attachments
Filed by: DAVID MUSSELMAN
04-07-2022 Filed: present case complaint
04-07-2022 Filed: Return of Electronic Notification
04-09-2022 Filed: Reply to Defendants Opposition to Plaintiffs Motion to Enforce Order and for Sanctions against Defendant
04-09-2022 Filed: Return of Electronic Notification
04-13-2022 Issued: Order to Show Cause (re: Motion to Enforce Order and for Sanctions against Defendant)
Clerk JULI PATURZO
04-13-2022 Filed: Return of Electronic Notification
04-13-2022 WEBEX SANCTION HEARING scheduled on April 21, 2022 at 03:00 PM in West Jordan Room 23 with Judge MATTHEW BATES
04-14-2022 Filed: Return of Electronic Notification
04-19-2022 Filed: Opposition to Defendants Motion for Relief from Judgment from Order Dated February 16, 2022
04-19-2022 Filed: Return of Electronic Notification
04-19-2022 Filed: Opposition to Defendants Memoranda in Support of Motion for Summary Judgment
04-19-2022 Filed: Return of Electronic Notification
04-21-2022 Minute Entry - SANCTIONS HEARING
Judge: MATTHEW BATES
Clerk: julilp
PRESENT
Plaintiff's Attorney(s): KAMRON KEELE
Defendant's Attorney(s): TYLER AYRES
Audio
Tape Number: 23 Tape Count: 3:01-3:21
HEARING
This matter comes before the court on plaintiff's Motion for Sanctions.
This hearing is being held by WebEx video.

Parties present argument.
3:15 After hearing argument the Court finds Mr. Musselman is found in contempt with the court's order and issues a fine in the amount of $1,000.00.
Mr. Musselman is ordered to pay $50.00 per month towards the fine. The first $50.00 is due no later than May 31, 2022 and each month thereafter until paid in full.

The Court reserves on Mr. Keele's request for additional fees.

End time: 3:21
05-25-2022 Filed: Certificate of Readiness for oral arguments on MSJ
05-25-2022 Filed: Proof of Service
05-25-2022 Filed: Return of Electronic Notification
05-25-2022 Note: Certificate of Readiness sent to Judge's team.
05-27-2022 Filed: Certificate of Readiness to set for Oral Arguments
05-27-2022 Filed: Return of Electronic Notification
05-27-2022 Note: Req for hearing to WJ Bates queue

| | |
|---|---|
| 05-27-2022 | Note: Both Certificate of Readiness filed on 5/27/22 is submitted to the judge. JP |
| 06-22-2022 | NOTICE for Case 200905061 ID 22863376<br>Judge: MATTHEW BATES<br>WEBEX MOTION HEARING is scheduled.<br>Date: 08/25/2022<br>Time: 09:00 a.m.<br>Location: West Jordan Room 23<br>Before Judge: MATTHEW BATES<br>8080 SOUTH REDWOOD ROAD<br>SUITE 1701<br>WEST JORDAN, UT 84088<br>Motion to be hearing: Defendant's Motion for Summary Judgment<br>Due to the ongoing COVID-19 Pandemic, this hearing will be conducted via Webex video conferencing. The link provided in this notice is the link you will need to attend the hearing. A Webex invitation will not be sent.<br>https://utcourts.webex.com/meet/bates<br>If the court does not have a functioning email for counsel/parties/witnesses please contact the Bates team at least 7 days prior to the hearing. If evidence will be taken submit 2 paper copies of the exhibits at least 7 days prior to hearing.<br>All counsel/parties/witnesses will need to have a fully functioning webcam and microphone. It can be a laptop, tablet or cell phone. Parties/witnesses may attend the video conference with counsel using the same device.<br>The courthouse has public computers located in the jury assembly room if needed. If you have questions, you may contact the judicial assistants at 801-233-9955 or email at 3rdbatesteam@utcourts.gov. |
| 06-22-2022 | WEBEX MOTION HEARING scheduled on August 25, 2022 at 09:00 AM in West Jordan Room 23 with Judge MATTHEW BATES |
| 06-22-2022 | Filed: Notice for Case 200905061 TI Judge: MATTHEW BATES |
| 06-23-2022 | Filed: Return of Electronic Notification |
| 08-05-2022 | Filed: Pre-Trial Disclosures (Plaintiff) |
| 08-05-2022 | Filed: Return of Electronic Notification |
| 08-05-2022 | Filed: Exhibit List Plaintiffs Trial Exhibit 1 |
| 08-05-2022 | Filed: Exhibit List Plaintiffs Trial Exhibit 2 |
| 08-05-2022 | Filed: Exhibit List Plaintiffs Trial Exhibit 3 |
| 08-05-2022 | Filed: Exhibit List Plaintiffs Trial Exhibit 4 |
| 08-05-2022 | Filed: Exhibit List Plaintiffs Trial Exhibit 5 |
| 08-05-2022 | Filed: Exhibit List Plaintiffs Trial Exhibit 6 |
| 08-05-2022 | Filed: Exhibit List Plaintiffs Trial Exhibit 7 |
| 08-05-2022 | Filed: Exhibit List Plaintiffs Trial Exhibit 8 |
| 08-05-2022 | Filed: Exhibit List Plaintiffs Trial Exhibit 9 |
| 08-05-2022 | Filed: Exhibit List Plaintiffs Trial Exhibit 10 |
| 08-05-2022 | Filed: Return of Electronic Notification |
| 08-05-2022 | Filed: Exhibit List Plaintiffs Trial Exhibit 11 |
| 08-05-2022 | Filed: Exhibit List Plaintiffs Trial Exhibit 12 |
| 08-05-2022 | Filed: Exhibit List Plaintiffs Trial Exhibit 13 |
| 08-05-2022 | Filed: Exhibit List Plaintiffs Trial Exhibit 14 |
| 08-05-2022 | Filed: Exhibit List Plaintiffs Trial Exhibit 15 |
| 08-05-2022 | Filed: Exhibit List Plaintiffs Trial Exhibit 17 |
| 08-05-2022 | Filed: Exhibit List Plaintiffs Trial Exhibit 18 |

08-05-2022 Filed: Exhibit List Plaintiffs Trial Exhibit 19
08-05-2022 Filed: Exhibit List Plaintiffs Trial Exhibit 20
08-05-2022 Filed: Exhibit List Plaintiffs Trial Exhibit 21
08-05-2022 Filed: Exhibit List Plaintiffs Trial Exhibit 22
08-05-2022 Filed: Exhibit List Plaintiffs Trial Exhibit 23
08-05-2022 Filed: Return of Electronic Notification
08-25-2022 Filed: Request for Audio Recording (Plaintiff for Aug 25 Hearing)
08-25-2022 Fee Account created Total Due: 15.00
08-25-2022 ELEC STORAGE MEDIUM Payment Received: 15.00
08-25-2022 Filed: Return of Electronic Notification
08-25-2022 Minute Entry - MOTION HEARING
Judge: MATTHEW BATES
Clerk: julilp
PRESENT
Plaintiff(s): KAMRON KEELE
Defendant(s): DAVID MUSSELMAN
Plaintiff's Attorney(s): KAMRON KEELE
Defendant's Attorney(s): TYLER AYRES
Audio
Tape Number: 23 Tape Count: 9:09-9:57
HEARING
This matter comes before the court on Defenses' Partial Summary Judgment and Motion to Set Aside.
This hearing is being held by WebEx video.
Counsel present argument.
After hearing from counsel the Court denies the Motion for Partial Summary Judgment and Motion to Set Aside.

Mr. Keele is to prepare the order consistent to the Court's ruling and submit the order for signature after circulation.

End time: 9:57 AM
08-26-2022 Note: Audio request completed and emailed to Kamron Keele. -DN
08-31-2022 Filed: Notice of Interlocutory Appeal
08-31-2022 Filed: Filed on Monday but rejected
08-31-2022 Filed: Return of Electronic Notification
08-31-2022 Filed: Motion Expedited Motion to Stay
Filed by: DAVID MUSSELMAN
08-31-2022 Filed: Return of Electronic Notification
08-31-2022 Filed: Order (Proposed) from hearing Dated August 25, 2022
08-31-2022 Filed: Return of Electronic Notification
08-31-2022 Filed order: Order from hearing Dated August 25, 2022
Judge MATTHEW BATES
Signed August 31, 2022
08-31-2022 Filed: Return of Electronic Notification
09-06-2022 Minute Entry - FINAL PRETRIAL CONFERENCE
Judge: MATTHEW BATES
Clerk: julilp
PRESENT
Plaintiff's Attorney(s): KAMRON KEELE
Defendant's Attorney(s): TYLER AYRES
Audio
Tape Number: 23 Tape Count: 9:08

HEARING

This matter comes before the court on a WebEx video Final Pretrial Conference.
Petitioner objects to the respondent's notice of interlocutory appear and motion to stay.
After review of the filings and hearing from counsel the Court denies the motion to stay.
The bench trial scheduled for September 12 and 13, 2022 is proceeding.

Counsel are instructed to provide the court with hard copy exhibits.

09-12-2022 Note: Notice of Appeal Emailed to the Court of Appeals

09-12-2022 Final Exhibit List

09-12-2022 Filed: Exhibit List

09-12-2022 Minute Entry - TRIAL-BENCH

Judge: MATTHEW BATES

Clerk: julilp

PRESENT

Plaintiff's Attorney(s): KAMRON KEELE

Defendant's Attorney(s): TYLER AYRES

Audio

Tape Number: 23 Tape Count: 9:06-12:16

TRIAL

This matter comes before the court on a Bench Trial.
Parties appear by Webex video.
Plaintiff appears pro se.
9:06 - 9:15 Argument takes place regarding defense counsel's impeachment witness. After hearing from counsel the Court does not allow the impeachment witness for today's hearing.
9:15 Plaintiff's opening.
9:21 Defendant counsel's opening.
9:32 - 9:37 Break
9:37 Mr. Keele is given an oath and examined by Mr. Aryes.
10:34 - 10:47 Break
10:47 Mr. Aryes examination continues.
11:02 Mr. Keele re-direct testimony
11:07 Court conducts questions to Mr. Keele.
11:11 Discussion on witnesses. No further witnesses are called.
11:17 Mr. Ayres rebuttal argument.
11:21 Court takes this matter under advisement until noon today.

12:07 Court is back in session. All parties are present.
12:03 The Court enters a ruling and the findings on this matter on the record and enters a judgment against the defendant in the amount of $166,041.11.
Mr. Keele is directed to draft proposed Findings of Fact and Conclusions of Law and judgment consistent with the Court's ruling.

End time: 12:16 PM

09-12-2022 Cancelled: WX - TRIAL-BENCH scheduled on September 13, 2022 at 09:00 AM in West Jordan Room 23 with Judge MATTHEW BATES

Reason: Court Ordered

09-13-2022 Filed: Return of Electronic Notification

09-14-2022 Filed: Appellate Court Document, Letter by the Utah Supreme Court. A Petition for Interlocutory Appeals has been filed. The case number is 20220804.

09-14-2022 Filed: Return of Electronic Notification

09-16-2022 Filed: Appellate Court Document, Notice by the Utah Court of Appeals. This case has been assigned to the Court of Appeals,

the case number is 20220804

09-19-2022 Filed: Findings of Fact/Conclusions of Law (Proposed)
09-19-2022 Filed: Judgment (Proposed)
09-19-2022 Filed: Return of Electronic Notification
09-19-2022 Filed: Return of Electronic Notification
09-19-2022 Note: Efiled orders sent to Judge.
09-19-2022 Filed: Return of Electronic Notification
09-20-2022 Filed: Findings of Fact/Conclusions of Law
Judge MATTHEW BATES
Signed September 20, 2022
09-20-2022 Filed judgment: Judgment
Judge MATTHEW BATES
Signed September 20, 2022
09-20-2022 Judgment # 1 Entered 170,191.11 mbates

Creditor : KAMRON KEELE
Debtor : DAVID MUSSELMAN
170,191.11 Principal
170,191.11 Judgment Grand Total

09-20-2022 Filed: Return of Electronic Notification
09-20-2022 Filed: Return of Electronic Notification
09-20-2022 Case Disposition is Judgment
Disposition Judge is MATTHEW BATES
09-20-2022 Filed: Notice of Entry of Judgment
09-20-2022 Filed: Return of Electronic Notification
09-23-2022 Filed: Appellate Court Document, Notice of Decision and Order by the Utah Court of Appeals. It is hereby Ordered that the petition for permission to appeal is denined
09-26-2022 Filed: Return of Electronic Notification
09-27-2022 Filed: TRANSADMIN TRANSCRIPT for Hearing 08-25-2022
09-27-2022 Filed: Return of Electronic Notification
09-28-2022 Filed: Answers to Questions About Judgment Debtors Property
09-28-2022 Filed: Motion (Ex Parte) for Hearing to Identify Judgment Debtors Property
Filed by: KAMRON KEELE
09-28-2022 Filed: Order (Proposed) for Judgment Debtor to Attend Hearing to Identify Judgment Debtors Property
09-28-2022 Filed: Return of Electronic Notification
09-29-2022 Note: Efiled order sent to Judge.
09-29-2022 Filed: Other - Not Signed Order (Proposed) for Judgment Debtor to Attend Hearing to Identify Judgment Debtors Property
09-29-2022 Note: Judge declines to sign. The Court is not currently holding supp order hearings. The Court will only sign an order directing the debtor to answer written interrogatories or to appear at the creditor's office or some other private location to answer
09-29-2022 Note: questions. If the debtor does not comply with that order, the creditor may enforce it pursuant to Rule 7A, Utah Rules of Civil Procedure.
09-29-2022 Filed: Return of Electronic Notification
09-29-2022 Filed: Answer to Questions About Judgment Debtors Property
09-29-2022 Filed: Order (Proposed) Directing Judgment Debtor to Answer Questions About Judgment Debtors Property
09-29-2022 Filed: Return of Electronic Notification

| | |
|---|---|
| 09-30-2022 | Filed order: Order Directing Judgment Debtor to Answer Questions About Judgment Debtors Property<br>Judge MATTHEW BATES<br>Signed September 30, 2022 |
| 09-30-2022 | Filed: Return of Electronic Notification |
| 10-07-2022 | Filed: Notice of Appeal - Civil (not Interlocutory) Not Interlocutory |
| 10-07-2022 | Fee Account created Total Due: 240.00 |
| 10-07-2022 | APPEAL Payment Received: 240.00 |
| 10-07-2022 | Filed: Return of Electronic Notification |
| 10-11-2022 | Note: Notice of Appeal emailed to the Utah Court of Appeals |
| 10-12-2022 | Filed: Appellate Court Document, Letter by the Supreme Court of Utah, the case number is 20220893 |
| 10-12-2022 | Filed: Appellate Court Document, Order by the Supreme Court of Utah this matter will be transferred to the Utah Court of Appeals. The case number will remain the same |
| 10-13-2022 | Filed: TRANSADMIN TRANSCRIPT for Hearing 09-12-2022 |
| 10-13-2022 | Filed: Return of Electronic Notification |
| 10-15-2022 | Filed: Return of Electronic Notification |
| 10-27-2022 | Filed: Appellate Court Document, Notice by the Utah Court of Appeals This case has been assigned to the Court of Appeals. The case number is 20220893 |
| 11-02-2022 | Filed: Motion Verified Ex Parte Motion to Enforce Order and for Sanctions<br>Filed by: KAMRON KEELE |
| 11-02-2022 | Filed: Order (Proposed) re: Plaintiffs Verified Ex Parte Motion to Enforce Order and for Sanctions |
| 11-02-2022 | Filed: Request/Notice to Submit re: Plaintiffs Verified Ex Parte Motion to Enforce Order and for Sanctions |
| 11-02-2022 | Filed: Return of Electronic Notification |
| 11-02-2022 | Filed: Motion to stay pending appeal<br>Filed by: DAVID MUSSELMAN |
| 11-02-2022 | Filed: Return of Electronic Notification |
| 11-04-2022 | SANCTIONS HEARING scheduled on December 19, 2022 at 04:00 PM in West Jordan Room 23 with Judge MATTHEW BATES |
| 11-04-2022 | Filed order: Order re: Plaintiffs Verified Ex Parte Motion to Enforce Order and for Sanctions<br>Judge MATTHEW BATES<br>Signed November 04, 2022 |
| 11-04-2022 | Filed: Return of Electronic Notification |
| 11-05-2022 | Filed: Return of Electronic Notification |
| 11-21-2022 | Filed: Return of Electronic Notification |
| 11-28-2022 | Filed: Order (Proposed) on Motion to Stay |
| 11-28-2022 | Filed: Request/Notice to Submit on Motion to Stay |
| 11-28-2022 | Filed: Return of Electronic Notification |
| 11-29-2022 | Filed: Other - Not Signed Order (Proposed) on Motion to Stay |
| 11-29-2022 | Note: Document needs to state end of document and signature is at the top |
| 11-29-2022 | Filed: Return of Electronic Notification |
| 12-01-2022 | Filed: Order (Proposed) on Notice to Submit |
| 12-01-2022 | Filed: Return of Electronic Notification |
| 12-02-2022 | Filed: Other - Not Signed Order (Proposed) on Notice to Submit |
| 12-02-2022 | Note: Formatting issues - There are multiple boxes in the heading/case caption, no assigned judge, incorrect District Court case number. Please fix and resubmit the order. |
| 12-02-2022 | Filed: Return of Electronic Notification |

12-08-2022 Filed: Motion (Ex Parte) for Permission to Participate Remotely re: Hearing Dated December 19, 2022

Filed by: KAMRON KEELE

12-08-2022 Filed: Order (Proposed) Granting Plaintiffs Ex Parte Motion for Permission to Participate Remotely re: Hearing Dated December 19, 2022

12-08-2022 Filed: Return of Electronic Notification

12-08-2022 Note: Efiled order sent to Judge.

12-08-2022 Filed order: Order Granting Plaintiffs Ex Parte Motion for Permission to Participate Remotely re: Hearing Dated December 19, 2022

Judge MATTHEW BATES

Signed December 08, 2022

12-08-2022 Filed: Return of Electronic Notification

12-13-2022 Note: Exhibit sent to the Utah Court of Appeals, tracking # 5550030507

12-19-2022 Filed: Request/Notice to Submit for Decision on Motion to Stay

12-19-2022 Filed: Return of Electronic Notification

12-19-2022 Filed: Order (Proposed) for Motion to Stay

12-19-2022 Filed: Return of Electronic Notification

12-19-2022 Note: Efiled order sent to Judge.

12-19-2022 JUDGMENT DEBTOR HEARING scheduled on January 23, 2023 at 04:00 PM in West Jordan Room 23 with Judge MATTHEW BATES

12-19-2022 Minute Entry - SANCTIONS

Judge: MATTHEW BATES

Clerk: julilp

PRESENT

Plaintiff's Attorney(s): KAMRON KEELE

Defendant's Attorney(s): TYLER AYRES

Audio

Tape Number: 23 Tape Count: 4:10-

HEARING

This matter comes before the court on a Sanctions Hearing, which is being held by WebEx video.
Mr. Keele's motion for sanctions and Mr. Ayres' motion for stay. A bond or proposed bond has not been submitted.
Discussion on the motion to appeal takes place.

Mr. Ayres is to post a bond. The Court directs the Mr. Musselman to enter a bond, as stated on the record.

4:16 Argument is presented.

4:23 The Court schedules a judgment debtor hearing on January 23, 2022. The Court orders Mr. Musselman to post a bond by that hearing or complete the appropriate form and submit it to plaintiff.

The stay of the judgment will be granted when a bond is posted and approved by the Court.

If neither of these actions take place and Mr. Musselman fails to appear a the hearing on January 23, 2023 a contempt order on Mr. Musselman will issue.
Mr. Keele is to prepare a proposed contempt order.

End time: 4:33 PM

JUDGMENT DEBTOR HEARING is scheduled.

Date: 01/23/2023

Time: 04:00 p.m.

Location: West Jordan Room 23
Before Judge: MATTHEW BATES
8080 SOUTH REDWOOD ROAD
SUITE 1701
WEST JORDAN, UT 84088

12-19-2022 Filed order: Order for Motion to Stay
Judge MATTHEW BATES
Signed December 19, 2022

12-19-2022 Filed: Return of Electronic Notification

12-19-2022 Note: Signed with amendments by the Court in strikeout and underline text.

12-19-2022 Filed: Return of Electronic Notification

01-23-2023 Filed: Answer
Answer Party: DAVID MUSSELMAN

01-23-2023 Filed: Return of Electronic Notification

01-23-2023 Minute Entry - JUDGMENT DEBTOR HEARING
Judge: MATTHEW BATES
Clerk: julilp
PRESENT
Plaintiff's Attorney(s): KAMRON KEELE
Defendant's Attorney(s): TYLER AYRES
Audio
Tape Number: 23 Tape Count: 4:02-4:17
HEARING
This matter comes before the court on a Judgment Debtor Hearing.

The answers to questions about judgment debtor's property packet has been filed with the court today.
Argument takes place as to the completion of the answer.

The Court strikes today's hearing.

End time: 4:17 PM

01-23-2023 Filed: Application for Writ of Execution

01-23-2023 Filed: Notice of Execution and Exemptions

01-23-2023 Filed: Reply and Request for Hearing (form)

01-23-2023 Filed: Writ of Execution (Proposed)

01-24-2023 Issued: Writ of Execution
Judge MATTHEW BATES

01-24-2023 Fee Account created Total Due: 50.00

01-24-2023 WRIT OF EXECUTION Payment Received: 50.00

01-24-2023 Filed: Return of Electronic Notification

02-09-2023 Filed: Reply request for a hearing

02-09-2023 Filed: Return of Electronic Notification

02-09-2023 Filed: Objection to Defendants Reply and Request for Hearing for Writ of Execution

02-09-2023 Filed: Return of Electronic Notification

02-10-2023 Note: Request for hearing sent to Judge.

02-13-2023 NOTICE for Case 200905061 ID 23489048
Judge: MATTHEW BATES
OBJECTION HEARING is scheduled.
Date: 02/24/2023
Time: 10:30 a.m.
Location: VIRTUAL HEARING

Before Judge: MATTHEW BATES
, UT
To be heard: Plaintiff's Response and Objection to Defendant's Reply and Request for Hearing for Writ of Execution

02-13-2023 OBJECTION HEARING scheduled on February 24, 2023 at 10:30 AM in VIRTUAL HEARING with Judge MATTHEW BATES

02-13-2023 Filed: Notice for Case 200905061 TI Judge: MATTHEW BATES

02-14-2023 Filed: Return of Electronic Notification

02-17-2023 Filed: Return on Sheiff's Levy

02-18-2023 Filed: Return of Electronic Notification

02-21-2023 Filed: Re-Created Supplemental Appeal Binder uploaded to COA, exhibits previously mailed.

02-22-2023 Filed: Return of Electronic Notification

02-24-2023 Filed: Supplemental Evidence

02-24-2023 Filed: Return of Electronic Notification

02-24-2023 Minute Entry - OBJECTION HEARING

Judge: MATTHEW BATES
Clerk: tessab

PRESENT

Plaintiff(s): KAMRON KEELE
Defendant's Attorney(s): TYLER AYRES
Audio
Tape Number: 23 Tape Count: 10:36

HEARING

The matter before the Court is an Objection Hearing.

Counsel argues the Writ of Execution.

Mr. Ayres offers a Domestic Relations Injunction from Mr. Musselman's pending divorce saying that property can't be split while the divorce is currently pending.

Mr. Musselman's Reply and Objection to the Writ of Execution.

Mr. Keele to prepare the order.

END: 10:59

03-22-2023 Filed: Motion to Intervene

Filed by: MENDON CITY

03-22-2023 Filed: Return of Electronic Notification

03-22-2023 Filed: Order (Proposed) on Motion to Intervene

03-22-2023 Filed: Return of Electronic Notification

03-22-2023 Filed: Other - Not Signed Order (Proposed) on Motion to Intervene

03-22-2023 Note: Formatting issue - Court location part of the heading is off to the far left side. Wrong case number and wrong assigned judge in heading of document. Also, A Request to Submit is required according to Rule 7 (civil) or Rule 26 (criminal), unless the

03-22-2023 Note: Order is approved as to form by all parties. Court will not hold Proposed Orders.

03-22-2023 Filed: Return of Electronic Notification

03-29-2023 Filed: Request/Notice to Submit

03-29-2023 Note: Request to Submit sent to Judge.

03-29-2023 Filed: Return of Electronic Notification

03-31-2023 Ruling Entry - ORDER

Judge: MATTHEW BATES

On its own motion, the Court strikes Ms. Mussleman's Request to Submit, because her Motion to Intervene is not a proper ex parte motion and the time to respond to the Motion has not yet passed. An ex parte motion must be clearly titled as such and must cite to the statute or rule that authorizes the ex parte motion. See Utah R. Civ. P. 7(m) Ms. Mussleman's Motion does neither of those things. Moreover, the Court is unaware of any rule or statute authorizing a person to seek ex parte to intervene in a lawsuit. Once briefing is complete or the time to do so under Rule 7 has passed, any party or Ms. Mussleman may resubmit a request to submit.

03-31-2023 Filed order: ORDER

Judge MATTHEW BATES

Signed March 31, 2023

03-31-2023 Filed: Return of Electronic Notification

04-06-2023 Filed: Return of service/Cancelled Execution return on Writ of Execution

04-07-2023 Filed: Return of Electronic Notification

06-06-2023 Fee Account created Total Due: 5.00

06-06-2023 COPY FEE Account Adjustment Total Due: 0.00

06-14-2023 Filed: Motion to Intervene

06-14-2023 Filed: Notice of Dismissal of Bankruptcy and Request to Remove Stay

06-14-2023 Filed: Motion to set Aside Judgment and to Stay Sheriff's Sale of Real Property

06-14-2023 Filed: Declaration of Pamela Messelman in Support of Rule 60(B) Motion to Dismiss

06-14-2023 Filed: Exhibit 1

06-14-2023 Filed: Exhibit 2

06-14-2023 Filed: Exhibit 3

06-14-2023 Filed: Exhibit 4

06-14-2023 Filed: Exhibit 5

06-14-2023 Filed: Exhibit 6

06-14-2023 Filed: Return of Electronic Notification

06-30-2023 Filed: Appearance of Counsel/Notice of Limited Appearance for Intervenor

06-30-2023 Filed: Return of Electronic Notification

06-30-2023 Filed: Order (Proposed) on Motion to Intervene

06-30-2023 Filed: Request/Notice to Submit

06-30-2023 Filed: Return of Electronic Notification

06-30-2023 Filed: Return of Electronic Notification

06-30-2023 Filed: Order (Proposed) on Motion to Set Aside Judgment and to Stay Sheriff_s Sale of Real Property

06-30-2023 Filed: Return of Electronic Notification

06-30-2023 Filed: Request/Notice to Submit

06-30-2023 Filed: Return of Electronic Notification

06-30-2023 Note: Efiled orders sent to Judge.

06-30-2023 Filed: Objection to Pamela Musselmans Request to Submit and Proposed Order (re: her Motion to Set Aside Judgment and to Stay Sheriffs Sale of Real Property)

06-30-2023 Filed: Return of Electronic Notification

07-06-2023 Filed order: ON MOTION TO INTERVENE

Judge MATTHEW BATES

Signed July 06, 2023

07-06-2023 Ruling Entry - ON MOTION TO INTERVENE

Judge: BATES, MATTHEW

Before the Court is Pamela Musselman's Motion to Intervene. Ms. Musselman asserts that her pending divorce from David Musselman gives her an equitable 1/2 interest in the property that is the subject of Plaintiff's writ of execution. Ms. Musselman further asserts that she was never served with the writ.

The Court grants her motion to intervene, but only as to the proceedings on the writ. As a person claiming an interest in the property, she has the same rights and obligations as the Defendant. See Utah R. Civ. P. 64(e)(1). And because she was never served with the writ, she may exercise those rights and obligations anytime before the sale of the property. Id.

Ms. Musselman also filed a motion to set aside the judgment and to stay the writ of execution. Because Ms. Musselman is only allowed to intervene as to the proceedings involving the writ, she may not move to set aside the judgment underlying the writ. The Court therefore strikes that part of her motion. Ms. Musselman's request to stay is denied. Instead, Ms. Musselman may exercise her right under Rule 64E(d) to file a reply to the writ and request a hearing.

07-06-2023 Filed: Certificate of Service to Intervenor Pamela Musselman re: Application and Writ of Execution, along with forms Reply and Request for Hearing and Notice of Execution and Exemption

07-06-2023 Filed: Return of Electronic Notification

07-06-2023 Filed: Appearance of Counsel/Notice of Limited Appearance for Intervenor

07-06-2023 Filed: Return of Electronic Notification

07-06-2023 Filed: Return of Electronic Notification

07-12-2023 Filed: Other - Not Signed Order (Proposed) on Motion to Intervene

07-12-2023 Note: Court declines to sign and issued its own ruling on the motion.

07-12-2023 Filed: Other - Not Signed Order (Proposed) on Motion to Set Aside Judgment and to Stay Sheriff_s Sale of Real Property

07-12-2023 Filed: Return of Electronic Notification

07-12-2023 Filed: Return of Electronic Notification

07-14-2023 Filed: Affidavit/Declaration - Declaration of Intervenor Supporting Reply to Writ of Execution

07-14-2023 Filed: Order to Attend Hearing (Proposed) On Reply to Writ of Execution

07-14-2023 Filed: Reply (Hearing Requested) to Writ of Execution

07-14-2023 Filed: Return of Electronic Notification

07-14-2023 Filed: Exhibits 1 through 7 Supporting Reply to Writ of Execution

07-14-2023 Filed: Return of Electronic Notification

07-14-2023 Filed: Request/Notice to Submit - Intervenors Reply to Writ of Execution

07-14-2023 Filed: Return of Electronic Notification

07-19-2023 NOTICE for Case 200905061 ID 23866169

Judge: MATTHEW BATES

EVIDENTIARY HEARING is scheduled.

Date: 07/21/2023

Time: 04:00 p.m.

Location: VIRTUAL HEARING

Before Judge: MATTHEW BATES

, UT

This hearing will be conducted via Webex video conferencing. The link provided in this notice is the link you will need to attend the hearing. A Webex invitation will not be sent.

https://utcourts.webex.com/meet/bates

07-19-2023 EVIDENTIARY HEARING scheduled on July 21, 2023 at 04:00 PM in VIRTUAL HEARING with Judge MATTHEW BATES

07-19-2023 Filed: Notice for Case 200905061 TI Judge: MATTHEW BATES

07-19-2023 Filed: Other - Not Signed Order to Attend Hearing (Proposed) On Reply to Writ of Execution

07-19-2023 Note: Order to attend not needed

07-19-2023 Filed: Return of Electronic Notification

07-19-2023 Filed: Return of Electronic Notification

07-21-2023 Filed: Notice of Withdrawal TRIAL CASE IS OVER

07-21-2023 Filed: Order (Proposed) withdraw as counsel

07-21-2023 Filed: Return of Electronic Notification

07-21-2023 Filed: Other - Not Signed Order (Proposed) withdraw as counsel

07-21-2023 Note: Formatting issues - Heading of the document contains multiple empty boxes, Court location/district is incorrect. Please fix and resubmit the order.

07-21-2023 Filed: Return of Electronic Notification

07-21-2023 Filed order: EVIDENTIARY HEARING

Judge MATTHEW BATES

Signed July 21, 2023

07-21-2023 Minute Entry - EVIDENTIARY HEARING

Judge: MATTHEW BATES

Clerk: tessab

PRESENT

Plaintiff(s): KAMRON KEELE

Defendant(s): DAVID MUSSELMAN

Plaintiff's Attorney(s): KAMRON KEELE

Attorney for the Intervenor: DEVIN QUACKENBUSH

Other Parties: PAMELA MUSSELMAN

Audio

Tape Number: 23 Tape Count: 4:03

HEARING

The Matter before the Court is an Evidentiary Hearing. All parties appeared webex.

Mr. Quackenbush gives argument on the Reply to the Writ of Execution.

Mr. Keele responds.

Mr. Quackenbush offers brief rebuttal.

4:57 Break

5:02 Back on Record

Intervenor's Reply to the Writ of Execution is denied for facts stated on the record.

Defendant may post bond by certified check or guaranteed form of payment in the amount of $181,000 to stay the sheriff's sale of property.

If Defendant posts the bond before the sheriff's sale, Plaintiff shall halt the sheriff's sale.

END: 5:11:10

| | |
|---|---|
| 07-21-2023 | Filed: Return of Electronic Notification |
| 07-25-2023 | Bond Account created Total Due: 181,000.00 |
| 07-25-2023 | Note: Bond posted to stay sale of property pursuant to Evidentiary Hearing of 7-21-2023. Payee is to be determined at a later date. |
| 07-25-2023 | Bond Posted 181,000.00 |
| | Note: Bond posted to stay sale of property pursuant to Evidentiary Hearing of 7-21-2023. Payee is to be determined at a later date. |
| 08-16-2023 | Filed: Real Estate Canceled Execution Return |
| 08-17-2023 | Filed: Return of Electronic Notification |
| 08-24-2023 | Filed: TRANSADMIN TRANSCRIPT for Hearing 07-21-2023 |
| 08-24-2023 | Filed: Return of Electronic Notification |
| 10-17-2023 | Filed: Notice of Withdrawal of Counsel for Intervenor |
| 10-17-2023 | Note: INT Address changed from |
| 10-17-2023 | Note: INT Address changed to 4337 S 3425 W WEST VALLEY CITY UT 84119 |
| 10-17-2023 | Filed: Return of Electronic Notification |
| 11-21-2023 | Filed: Notice of Appeal - Civil (not Interlocutory) |
| 11-21-2023 | Filed: Opposition to Plaintiffs Motion for Award of Attorney Fees |
| 11-21-2023 | Fee Account created Total Due: 240.00 |
| 11-21-2023 | APPEAL Payment Received: 240.00 |
| 11-21-2023 | Filed: Return of Electronic Notification |
| 11-28-2023 | Filed: Errata in Filing Notice of Appeal and Opposition to Motion for Award of Attorney Fees |
| 11-28-2023 | Filed: Return of Electronic Notification |
| 11-28-2023 | Note: Notice of Appeal and Opposition to Plaintiffs Motion for Award of Attorney Fees filed 11-21-2023 are filed in the wrong case. |
| 11-28-2023 | Filed: Ex Parte Order (Proposed) re: Plaintiffs Ex Parte Motion to Strike Notice of Appeal and for Return of $240 Filing Fee for the Same |
| 11-28-2023 | Filed: Motion (Ex Parte) to Strike Notice of Appeal and for Return of $240 Filing Fee for the Same) |
| | Filed by: KAMRON KEELE |
| 11-28-2023 | Filed: Return of Electronic Notification |
| 11-29-2023 | Note: Efiled order sent to Judge. |
| 12-06-2023 | Filed: Other - Not Signed Ex Parte Order (Proposed) re: Plaintiffs Ex Parte Motion to Strike Notice of Appeal and for Return of $240 Filing Fee for the Same |
| 12-06-2023 | Note: See Court docket. Court issued its own ruling on the motion. |
| 12-06-2023 | Filed: Return of Electronic Notification |
| 12-06-2023 | Filed order: ORDER STRIKING NOTICE OF APPEAL |
| | Judge MATTHEW BATES |
| | Signed December 06, 2023 |
| 12-06-2023 | Ruling Entry - ORDER STRIKING NOTICE OF APPEAL |
| | Judge: BATES, MATTHEW |

Mr. Keele's Motion to Strike Notice of Appeal and for Return of $240 Filing Fee Paid for the Same is granted in part and denied in part. Mr. Keele inadvertently filed a notice of appeal in the wrong case. The Court therefore ORDERS that the Clerk of Court remove the Notice of Appeal from the Court record.

Mr. Keele's request for a refund of the filing fee is DENIED. Filing fees are used to cover the costs of receiving and processing filings. The Court does not refund fees when the fee was correctly charged based on data submitted by the user. Rather, parties are responsible for the accuracy of all data submitted to the Court through the efiling system and bear the cost of any mistaken filings. In this case, Mr. Keele filed a Notice of Appeal, resulting in a correct filing fee of $240.

12-06-2023 Filed: Return of Electronic Notification

10-10-2024 Filed: Appellate Court Document, Opinion by the Utah Court of Appeals, Accordingly, we reverse the grant of partial summary judgment and remand for further proceedings.

10-11-2024 Filed: Motion to release bond funds

Filed by: DAVID MUSSELMAN

10-11-2024 Filed: Appearance of Counsel/Notice of Limited Appearance Notice of Limited Appearance

10-11-2024 Filed: Return of Electronic Notification

10-21-2024 Filed: Opposition to Defendant s Motion for Release of Bond Funds

10-21-2024 Filed: Motion for Partial Release of Bond Funds

Filed by: KAMRON KEELE

10-21-2024 Filed: Return of Electronic Notification

10-21-2024 Filed: Return of Electronic Notification

10-28-2024 Filed: REPLY IN SUPPORT OF MOTION TO RELEASE BOND FUNDS

10-28-2024 Filed: Request/Notice to Submit REQUEST TO SUBMIT Motion to Release Bond Funds

10-28-2024 Filed: Opposition to OPPOSITION TO MOTION FOR PARTIAL RELEASE OF BOND FUNDS

10-28-2024 Filed: MOTION TO VACATE JUDGMENT

Filed by: DAVID MUSSELMAN

10-28-2024 Filed: Return of Electronic Notification

10-28-2024 Note: Request to Submit sent to Judge.

10-30-2024 Filed: Motion WITHDRAWAL OF REQUEST TO SUBMIT

Filed by: DAVID MUSSELMAN

10-30-2024 Filed: Return of Electronic Notification

10-31-2024 Filed: Request/Notice to Submit re: Plaintiff s Motion for Partial Release of Bond Funds

10-31-2024 Filed: Opposition to Defendant s Motion to Vacate Judgment

10-31-2024 Filed: Return of Electronic Notification

10-31-2024 Note: Request to Submit sent to Judge.

11-13-2024 Filed: Request/Notice to Submit REQUEST TO SUBMIT Motion to Release Bond Funds

11-13-2024 Filed: Return of Electronic Notification

11-13-2024 Filed: Request/Notice to Submit re: Defendant s Motion to Vacate Judgment

11-13-2024 Filed: Return of Electronic Notification

11-13-2024 Note: Requests to Submit sent to Judge.

11-14-2024 Filed: Appellate Court Document, Remittitur by the Utah Court of Appeals

11-18-2024 Note: Exhibits returned by the Utah Court of Appeals

11-18-2024 Filed: Return of Electronic Notification

12-11-2024 Note: Request to submit regarding bonds given to the Judge.
12-12-2024 Filed order: Memorandum Decision
Judge MATTHEW BATES
Signed December 11, 2024
12-12-2024 Filed: Certificate of Readiness for Trial
12-12-2024 Filed: Return of Electronic Notification
12-12-2024 Note: Certificate of Readiness sent to Judge's team.
12-12-2024 Filed: Return of Electronic Notification
12-13-2024 **** PRIVATE **** Filed: Updated address information
12-13-2024 Note: PLA Address changed from 2474 NORTH LINCOLN AVENUE #5S CHICAGO IL 60614
12-13-2024 Note: PLA Address changed to 720 MAGNOLIA ROAD BARRINGTON IL 60010
12-13-2024 Note: DEF Address changed from UNKNOWN
12-13-2024 Note: DEF Address changed to 7987 S BIG COTTONWOOD CANYON ROAD BRIGHTON UT 84121
12-13-2024 **** PRIVATE **** Filed: Updated address information.
12-13-2024 NOTICE for Case 200905061 ID 25074191
Judge: MATTHEW BATES
Remote Appearance
PRETRIAL CONFERENCE is scheduled.
Date: 02/19/2025
Time: 09:00 a.m.
Before Judge: MATTHEW BATES
*Courts Website: https://legacy.utcourts.gov/cal/*
*Webex URL: https://utcourts.webex.com/utcourts/j.php?MTID=m24806ec12c60345530644f8de04726d1*
This hearing will not take place at the courthouse. It will be conducted remotely. Contact the court to provide your current email address. If you do not have access to a phone or other electronic device to appear remotely, notify the court.
UCJA Rule 4-401.02: court proceedings, including electronic proceedings, may NOT be recorded, photographed, or transmitted. Failure to comply with this prohibition may be treated as contempt of court, punishable by fine and time in jail.
12-13-2024 PRETRIAL CONFERENCE scheduled on February 19, 2025 at 09:00 AM in VIRTUAL HEARING with Judge MATTHEW BATES
12-13-2024 Filed: Notice for Case 200905061 TI Judge: MATTHEW BATES
12-13-2024 Filed: Return of Electronic Notification
12-18-2024 Trust Account created Total Due: 181,000.00
12-18-2024 Bond Transfer/Refunded -181,000.00
12-18-2024 Bail/Bond Refund Payment Received: 181,000.00
12-18-2024 Bail/Bond Refund Check # 104519 Trust Payout: 4,361.68
12-18-2024 Bail/Bond Refund Check # 104521 Trust Payout: 176,638.32
12-18-2024 Note: Check #104519 mailed to Keele, Kamron. Check #104521 mailed to Musselman, David.
12-19-2024 **** PRIVATE **** Filed: Information for checks being picked up.
12-19-2024 Filed: Return of Electronic Notification
01-24-2025 Filed: Appearance of Counsel/Notice of Limited Appearance
01-24-2025 Filed: Return of Electronic Notification
01-24-2025 Filed: Motion for Summary Judgment
Filed by: DAVID MUSSELMAN

01-24-2025 Filed: Exhibit 1 in support of Motion for Summary Judgment
01-24-2025 Filed: Exhibit 2 in support of Motion for Summary Judgment
01-24-2025 Filed: Return of Electronic Notification
01-31-2025 Filed: Objection to and Move to Strike Defendant s Latest Motion for Summary Judgment
01-31-2025 Filed: Return of Electronic Notification
01-31-2025 Filed: Opposition to Objection and Motion to Strike
01-31-2025 Filed: Return of Electronic Notification
02-03-2025 Filed: Notice of Withdrawal for Defendant
02-03-2025 Filed: Notice of Withdrawal for Defendant
02-03-2025 Filed: Return of Electronic Notification
02-03-2025 Filed: Return of Electronic Notification
02-10-2025 Filed: Request/Notice to Submit Defendant s Motion for Summary Judgment
02-10-2025 Filed: Order (Proposed) Granting Defendant s Motion for Summary Judgment
02-10-2025 Filed: Return of Electronic Notification
02-13-2025 Note: (Proposed) Order forwarded to the Judge for review
02-19-2025 Cancelled: BENCH TRIAL scheduled on October 29, 2025 at 09:00 AM in West Jordan Room 33 with Judge MATTHEW BATES
02-19-2025 Cancelled: BENCH TRIAL scheduled on October 30, 2025 at 09:00 AM in West Jordan Room 33 with Judge MATTHEW BATES
02-19-2025 Minute Entry - PRETRIAL CONFERENCE

Judge: MATTHEW BATES
Clerk: bobbijob

PRESENT

Plaintiff(s): KAMRON KEELE
Defendant's Attorney(s): MICHAEL TETER
Audio
Tape Number: 33 Tape Count: 9:21

HEARING

The Matter before the Court is a Pretrial Conference.

Parties request Bench Trial Dates.

The Court schedules a Bench Trial for October 29 through October 30, 2025 at 9:00 a.m. in person.

Parties to follow Rule 26. The Motion in Limine deadline is set for the last business day in August 2025.

End - 9:33:13

In-person Appearance
BENCH TRIAL is scheduled.

Date: 10/29/2025
Time: 09:00 a.m.
Location: West Jordan Room 33
Before Judge: MATTHEW BATES
8080 SOUTH REDWOOD ROAD
SUITE 1701
WEST JORDAN, UT 84088

BENCH TRIAL is scheduled.

Date: 10/30/2025
Time: 09:00 a.m.
Location: West Jordan Room 33
Before Judge: MATTHEW BATES

8080 SOUTH REDWOOD ROAD
SUITE 1701
WEST JORDAN, UT 84088

02-19-2025 Filed: Return of Electronic Notification

02-20-2025 Filed return: Return On Sheriff's Levy Record - Recorded
Party Served: MUSSELMAN, DAVID
Service Type:
Service Date: January 23, 2025
Garnishee:

02-20-2025 Filed: Return of Electronic Notification

02-21-2025 Ruling Entry - ORDER
Judge: MATTHEW BATES

Before the Court is Defendant's Motion for Summary Judgment. Plaintiff did not respond to the motion on the merits. Instead he objected to the motion on procedural grounds. Plaintiff asserts that the motion is untimely under Rule 56(b), Utah Rules of Civil Procedure. That rule states the earliest times that a party may file a motion for summary judgment. It then states, "Unless the court orders otherwise, a party may file a motion for summary judgment at any time no later than 28 days after the close of all discovery." Plaintiff that asserts that discovery has long since closed and that Defendant's motion is untimely.

Plaintiff is not wrong. But the Court also sees no reason to conduct a trial on this matter if, in fact, Defendant's summary judgment motion has merit. Moreover, the parties and Court have ample time to decide the motion before trial. The Court therefore "orders otherwise."

The Court hereby grants permission for Defendant to file his motion for summary judgment, and the already-filed motion is deemed timely. Plaintiff shall respond to the motion within fourteen days of this Order. Any reply, objection to the evidence, and request to submit shall follow as per Rule 7, Utah Rules of Civil Procedure.

02-21-2025 Filed order: ORDER
Judge MATTHEW BATES
Signed February 21, 2025

02-21-2025 Filed: Other - Not Signed Order (Proposed) Granting Defendant s Motion for Summary Judgment

02-21-2025 Filed: Return of Electronic Notification

02-21-2025 Filed: Return of Electronic Notification

02-24-2025 Filed: Motion to Extend Time to Oppose Defendant s Motion for Summary Judgment
Filed by: KAMRON KEELE

02-24-2025 Filed: Request/Notice to Submit re Plaintiff s Motion to Extend Time

02-24-2025 Filed: Order (Proposed) re Plaintiff s Motion to Extend Time

02-24-2025 Filed: Return of Electronic Notification

02-24-2025 Filed: Statement of Non-Opposition

02-24-2025 Note: Efiled order sent to Judge.

02-24-2025 Filed: Return of Electronic Notification

02-24-2025 Filed order: Order re Plaintiff s Motion to Extend Time
Judge MATTHEW BATES
Signed February 24, 2025

02-24-2025 Filed: Return of Electronic Notification

03-30-2025 Filed: Opposition to Snow Haven s Motion for Summary Judgment

| | |
|---|---|
| 03-30-2025 | Filed: Affidavit/Declaration of Plaintiff in Support of his Opposition to Snow Haven s Motion for Summary Judgment |
| 03-30-2025 | Filed: Return of Electronic Notification |
| 04-01-2025 | Filed: Reply in Support of Motion for Summary Judgment |
| 04-01-2025 | Filed: Return of Electronic Notification |
| 04-01-2025 | Filed: Request/Notice to Submit Motion for Summary Judgment |
| 04-01-2025 | Filed: Return of Electronic Notification |
| 04-01-2025 | Note: Request to Submit sent to Judge. |
| 04-25-2025 | Ruling Entry - ORDER GRANTING MOTION FOR SUMMARY JUDGME |

Judge: MATTHEW BATES

Before the Court is Defendant's motion for summary judgment. Briefing is complete, and neither party requested oral argument. Further, the Court finds that the issues in this case have been authoritatively decided and that oral argument would not materially aid the Court's decision.

Having reviewed the moving papers, the Court agrees with Defendant and grants the motion for summary judgment. Specifically, the Court determines that Plaintiff has failed to put forth any evidence to support some elements of his claims and that Defendant is therefore entitled to judgment as a matter of law.

As a threshold matter, the Court overrules Plaintiff's objection to the evidence in Defendant's motion. The credibility of evidence is not at issue on summary judgment. Rather, the Court must view the evidence in the light most favorable to the non-moving party (here, Plaintiff) and draw all inferences in the non-moving parties' favor (again, here, Plaintiff). It thus does not matter how often or how many times Defendant or Ms. Stoddard have contradicted themselves. What matters is whether, viewing the evidence in Plaintiff's favor, there is a genuine dispute of material fact as to any element of Plaintiff's claims.

Here, the Court grants Defendant's motion for summary judgment, because Plaintiff has failed to put forth any evidence of some of the elements of his claims. Plaintiff failed to produce any evidence to show that Defendant was aware that Plaintiff was seeking reciprocal admission to the Illinois bar and searching for a job in Illinois, that Defendant intended to interfere with Plaintiff's economic relations, or that Defendant intended to or in fact did interfere with any non-speculative, cognizable economic interest. Instead, Plaintiff complains that "Plaintiff does not have to prove his claims presently," and that "Musselman's true intent remains as a dispute of material fact." But Plaintiff misapprehends his burden on summary judgment. Part of the purpose of the instant motion is for the Court to determine whether Plaintiff has evidence to support his claims. He has not submitted any evidence save a two paragraph affidavit that recites only inadmissible settlement discussions. So he apparently does not have any evidence to support his claims.

Plaintiff also has not submitted any evidence of a false statement that Defendant made to him. As Defendant correctly argues in his motion, fraud and negligent misrepresentation require that the false statement be made to and relied upon by the injured party, not made to and relied upon by some third party.

The Court therefore grants Defendant's motion for summary judgment and orders the dismissal of Plaintiff's claims. Defendant shall file a proposed final judgment consistent with this ruling.

| | |
|---|---|
| 04-25-2025 | Filed order: ORDER GRANTING MOTION FOR SUMMARY JUDGMENT |

| | |
|---|---|
| | Judge MATTHEW BATES |
| | Signed April 25, 2025 |
| 04-25-2025 | Filed: Return of Electronic Notification |
| 04-30-2025 | Filed: Motion for Attorney Fees (Verified) |
| | Filed by: DAVID MUSSELMAN |
| 04-30-2025 | Filed: Return of Electronic Notification |
| 05-05-2025 | Filed: Notice of Appeal - Civil (not Interlocutory) |
| 05-05-2025 | Filed: Motion to Stay Pending Appeal |
| | Filed by: KAMRON KEELE |
| 05-05-2025 | Filed: Motion to Extend Time to Oppose Defendant s Motion for Attorney Fees |
| | Filed by: KAMRON KEELE |
| 05-05-2025 | Filed: Request/Notice to Submit re: Plaintiff s Motion to Extend Time to Oppose Defendant s Motion for Attorney Fees |
| 05-05-2025 | Filed: Order (Proposed) re: Plaintiff s Motion to Extend Time to Oppose Defendant s Motion for Attorney Fees |
| 05-05-2025 | Fee Account created Total Due: 240.00 |
| 05-05-2025 | APPEAL Payment Received: 240.00 |
| 05-05-2025 | Filed: Return of Electronic Notification |
| 05-06-2025 | Note: Notice of Appeal Emailed to the Supreme Court of Utah |
| 05-06-2025 | Filed: Manual Email: Notice of Appeal - Civil (not Interlocutory) |
| 05-06-2025 | Filed: Opposition to Motion to Stay and Motion for Time Extension |
| 05-06-2025 | Filed: Return of Electronic Notification |
| 05-06-2025 | Filed: Notice of Withdrawal of Plaintiff s Motion to Stay Pending Appeal and Motion for Extension of Time to Oppose Defendant s Motion for Attorney Fees |
| 05-06-2025 | Filed: Return of Electronic Notification |
| 05-06-2025 | Filed: Return of Electronic Notification |
| 05-07-2025 | Filed: Other - Not Signed Order (Proposed) re: Plaintiff s Motion to Extend Time to Oppose Defendant s Motion for Attorney Fees |
| 05-07-2025 | Filed: Return of Electronic Notification |
| 05-08-2025 | Note: Appellate court case number 20250500 has been created on this case for the Notice of Appeal filed on 2025-05-05. |
| 05-08-2025 | Filed: Appellate Court Document, Letter by the Supreme Court of Utah. The case number is 20250500. |
| 05-08-2025 | Filed: Appellate Court Document, Notice of intent to Transfer by the Supreme Court of Utah |
| 05-13-2025 | Note: Appealed: Case #20250500 |
| 05-13-2025 | Filed: Opposition to Defendant s Verified Motion for Attorney Fees |
| 05-13-2025 | Filed: Motion to End Stay of Outstanding Collection costs and for Permission to File Application for Writ of Execution |
| | Filed by: KAMRON KEELE |
| 05-13-2025 | Filed: Motion for Reconsideration or Stay Court s Order Granting Defendant Summary Judgment and for Extraordinary Discovery to Allow Certain Depositions |
| | Filed by: KAMRON KEELE |
| 05-13-2025 | Filed: Return of Electronic Notification |
| 05-13-2025 | Filed: Return of Electronic Notification |
| 05-15-2025 | Filed: Opposition to Motion for Reconsideration or Stay Court s Order and For Extraordinary Discovery |
| 05-15-2025 | Filed: Opposition to Motion to End Stay of Outstanding Collection Costs |
| 05-15-2025 | Filed: Reply in Support of Motion for Attorney Fees |

| | |
|---|---|
| 05-15-2025 | Filed: Request/Notice to Submit Motion for Attorney Fees |
| 05-15-2025 | Filed: Return of Electronic Notification |
| 05-15-2025 | Filed: Return of Electronic Notification |
| 05-15-2025 | Note: Request to Submit sent to Judge. |
| 05-21-2025 | Filed: Reply to Defendant s Opposition to Plaintiff s Verified Motion to End Stay of Outstanding Collection Costs and for Permission to File Application for Writ of Execution |
| 05-21-2025 | Filed: Reply to Defendant s Opposition to Plaintiff s Verified Motion for Reconsideration or Stay of the Court s Order Granting Summary Judgment and for Extraordinary Discovery to Allow Certain Depositions |
| 05-21-2025 | Filed: Request/Notice to Submit re Plaintiff s Verified Motion for Reconsideration or Stay of the Court s Order Granting Summary Judgment and for Extraordinary Discovery to Allow Certain Depositions |
| 05-21-2025 | Filed: Request/Notice to Submit re Plaintiff s Verified Motion to End Stay of Outstanding Collection Costs and for Permission to File Application for Writ of Execution |
| 05-21-2025 | Filed: Return of Electronic Notification |
| 05-21-2025 | Note: Requests to Submit sent to Judge. |
| 06-02-2025 | Filed: Appellate Court Document, Notice by the Utah Court of Appeals, this case has been assigned to the Utah Court of Appeals.The case number will remain the same |
| 06-02-2025 | Filed: Return of Electronic Notification |
| 06-12-2025 | Filed: Appellate Court Document, Order by the Utah Court of Appeals Pursuant to Rule 10(b)(1)(B), if a proposed final judgment has not been submitted to the district court within 150 days after the announcement of judgment this appeal may be dism. |
| 06-17-2025 | Filed: Return of Electronic Notification |
| 06-18-2025 | Ruling Entry - ORDER ON PLAINTIFF'S MOTION TO RECONSIDE<br>Judge: MATTHEW BATES<br>For the reasons stated in Defendant's memorandum in opposition, the Court denies Plaintiff's Verified Motion for Reconsideration or Stay of the Court's Order Granting Defendant Summary Judgment and for Extraordinary Discovery to Allow Certain Depositions. |
| 06-18-2025 | Ruling Entry - ORDER ON STAY<br>Judge: MATTHEW BATES |

Before the Court is Plaintiff's Verified Motion to End Stay of Outstanding Collection Costs and for Permission to File Application for Writ of Execution. Plaintiff asks the Court to life the stay imposed when Defendant filed a supersedeas bond and to grant him permission to file a writ of execution to recover his collection costs. Plaintiff's motion is granted in part and denied in part.

The stay in this case was entered pursuant to Rule 62, Utah Rules of Civil Procedure. That rule permits the Court to enter a stay of judgment that remains "in effect for the time specified in the order that approves the bond or other security." The Order in this case, docket entry 279, did not specify when the stay would end. The stay was entered to preserve the status quo during the appeal. Now that the appeal has concluded, there is no reason to maintain a stay of judgment. The Court therefore orders the stay described in Docket entry 279 vacated.

Plaintiff also asks this Court for "permission to once again collect from Defendant's assets until Plaintiff is able to collect all amounts ordered and outstanding." (Reply at 6.) The Court is unaware of any rule of civil procedure that permits the Court to prospectively approve a a collection process. Rather, the Utah Rules of Civil Procedure provide certain collection mechanisms and require the judgment creditor to apply to the Court for a writ to utilize a particular mechanism. The rules further provide that the application for a writ contain certain information such as the amount of the judgment and the nature and location of the property to be executed upon. Plaintiff has not applied for a writ, and his motion does not contain the information the Court would need to approve a writ.

The Court therefore declines to issue an order that preauthorizes any sort of collection procedure. If Plaintiff believes that there are amounts outstanding on the judgment, he should follow the rules of civil procedure to collect those amounts. The Court does not intend by this Order to make any ruling or comment on Plaintiff's claim for amounts due under the judgment.

06-18-2025 Filed order: ORDER ON PLAINTIFF'S MOTION TO RECONSIDER
Judge MATTHEW BATES
Signed June 18, 2025

06-18-2025 Filed order: ORDER ON STAY
Judge MATTHEW BATES
Signed June 18, 2025

06-18-2025 Filed: Return of Electronic Notification

07-01-2025 Filed: Objection to Application for Writ of Execution

07-01-2025 Filed: Return of Electronic Notification

07-01-2025 Filed: Request/Notice to Submit Objection to Application for Writ of Execution

07-01-2025 Filed: Return of Electronic Notification

07-01-2025 Note: Request to Submit sent to Judge.

07-01-2025 Filed: Application for Writ of Execution

07-01-2025 Filed: Notice of Execution and Exemptions

07-01-2025 Filed: Reply and Request for Hearing (form)

07-01-2025 Filed: Writ of Execution (Proposed)

07-08-2025 Ruling Entry - CERTIFICATE OF DESTRUCTION
Judge: MATTHEW BATES
I CERTIFY THAT ON 7/08/2025 I DESTROYED THE EXHIBITS WHICH HAD BEEN RECEIVED BY THE COURT IN THIS MATTER ON 09/12/2022.

07-15-2025 Filed order: Order

Judge MATTHEW BATES
Signed July 15, 2025
07-15-2025 Filed: Other - Not Signed Writ of Execution (Proposed)
07-15-2025 Note: Writ denied. Ruling sent to parties.
07-15-2025 Filed: Return of Electronic Notification
07-15-2025 Filed: Return of Electronic Notification
07-16-2025 Filed: Affidavit of Attorney Fees and Costs of Michael Teter
07-16-2025 Filed: Return of Electronic Notification
07-23-2025 Filed: Affidavit of Attorney Fees and Costs JULIE J. NELSON LAW AFFIDAVIT OF ATTORNEY FEES
07-23-2025 Filed: Return of Electronic Notification
08-15-2025 Filed: Objection to and Opposition of Defendant s Counsels Affidavits of Fees and Defendant s Proposed Final Judgment
08-15-2025 Filed: Motion (Verified) for Reconsideration and for Entry of Default Judgment Against Defendant
Filed by: KAMRON KEELE
08-15-2025 Filed: Return of Electronic Notification
08-15-2025 Filed: Judgment (Proposed)
08-15-2025 Filed: Opposition to Motion for Reconsideration and for Entry of Default Judgment
08-15-2025 Filed: Opposition to Objection to Attorney Fee Affidavits
08-15-2025 Filed: Return of Electronic Notification
08-15-2025 Filed: Return of Electronic Notification
08-15-2025 Filed: Return of Electronic Notification
08-20-2025 Note: E-filing to Judge
08-22-2025 Filed: Reply to Defendant s Opposition to Plaintiff s Motion for Reconsideration and for Entry of Default Judgment against Defendant
08-22-2025 Filed: Request/Notice to Submit re Plaintiff s Motion for Reconsideration and for Entry of Default Judgment Against Defendant
08-22-2025 Filed: Return of Electronic Notification
08-22-2025 Note: Request to Submit sent to Judge.
08-22-2025 Filed: Request/Notice to Submit Proposed Judgment
08-22-2025 Filed: Return of Electronic Notification
10-20-2025 Filed order: Order Determining Fees
Judge MATTHEW BATES
Signed October 20, 2025
10-20-2025 Filed: Return of Electronic Notification
10-21-2025 Ruling Entry - ORDER
Judge: MATTHEW BATES
Plaintiff's motion to reconsider, filed on August 15, 2025, is denied.
10-21-2025 Filed: Other - Not Signed Judgment (Proposed)
10-21-2025 Note: Ruling has been prepared
10-21-2025 Filed: Return of Electronic Notification
10-22-2025 Filed order: ORDER
Judge MATTHEW BATES
Signed October 22, 2025
10-22-2025 Filed: Judgment (Proposed)
10-22-2025 Filed: Return of Electronic Notification
10-22-2025 Filed: Return of Electronic Notification
10-23-2025 Filed: Request/Notice to Submit Proposed Judgment
10-23-2025 Filed: Return of Electronic Notification

10-24-2025 Note: Efiled Judgment sent to Judge.
10-31-2025 Filed: Notice of Withdrawal
10-31-2025 Filed: Return of Electronic Notification
11-03-2025 Filed judgment: Judgment
Judge MATTHEW BATES
Signed November 03, 2025
11-03-2025 Judgment # 2 Entered 19,916.50 mbates

Creditor : DAVID MUSSELMAN
Debtor : KAMRON KEELE
19,916.50 Principal
0.00 Other
19,916.50 Judgment Grand Total

11-03-2025 Filed: Return of Electronic Notification
12-04-2025 Filed: Application for Writ of Execution
12-04-2025 Filed: ***PROPOSED***Writ of Execution
12-04-2025 Note: Emailed judges team on Proposed Writ of Execution.
12-04-2025 Filed: Return of Electronic Notification