## THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| KAMRON KEELE, an individual, <br><br> Plaintiff, <br><br> v. <br><br> SNOW HAVEN RETREAT, LLC, a Utah limited liability company; JAMES DUNN, an individual; and DAVID MUSSELMAN, an individual, <br><br> Defendants. | MEMORANDUM DECISION AND ORDER <br><br><br> Case No. 2:25-cv-00806-JCB <br><br><br> Magistrate Judge Jared C. Bennett |

### BACKGROUND

Plaintiff Kamron Keele's ("Mr. Keele") complaint names Defendants Snow Haven Retreat, LLC ("Snow Haven"), James Dunn, and David Musselman ("Mr. Musselman").[1] Mr. Keele filed executed waivers of service for Mr. Musselman and Snow Haven, both of which contained a waiver date of October 31, 2025.[2] On the same date he filed those waivers of service, Mr. Keele amended his complaint.[3]

Given the waiver date of October 31, 2025, for Mr. Musselman and Snow Haven, their responses to Mr. Keele's amended complaint were due within 60 days of that date under Fed. R. Civ. P. 4(d)(3) (i.e., by December 30, 2025). On December 26, 2025, Mr. Musselman, who is

---

[1] ECF No. 1.

[2] ECF No. 11; ECF No. 12.

[3] ECF No. 13.

proceeding pro se, sent an email to Mr. Keele requesting a 14-day extension of the deadline for Mr. Musselman and Snow Haven to respond to the amended complaint.[4] Mr. Keele responded on December 29, 2025, indicating that he agreed to extend the deadline until midnight on Sunday, January 4, 2026.[5] It appears that Mr. Musselman may have relied upon that extended deadline, despite the mandate in DUCivR 83-4 that no stipulation "affecting the course or conduct of any civil proceeding will be effective until approved by the court."

On January 5, 2026, Mr. Keele moved for entry of default against Mr. Musselman[6] and Snow Haven.[7] Concurrently, Mr. Keele moved for default judgment against Mr. Musselman[8] and Snow Haven.[9] The same day, Mr. Musselman filed on his own behalf and on behalf of Snow Haven a motion to dismiss Mr. Keele's amended complaint under Fed. R. Civ. P. 12(b)(6), to designate Mr. Keele as a vexatious litigant, and for sanctions against Mr. Keele under Fed. R. Civ. P. 11 ("Motion to Dismiss I").[10] Excluding exhibits, Motion to Dismiss I was over 60 pages in length.[11] The following day, Mr. Keele moved to strike Motion to Dismiss I because, among other reasons, it exceeded DUCivR 7-1(a)(4)(A)(i)'s length limitations for a Rule 12(b) motion to dismiss.[12] Mr. Musselman then filed—again on his own behalf and on behalf of Snow

---

[4] ECF No. 30-1.

[5] ECF No. 30-2.

[6] ECF No. 18.

[7] ECF No. 19.

[8] ECF No. 20.

[9] ECF No. 21.

[10] ECF No. 24.

[11] *Id.*

[12] ECF No. 25.

Haven—an opposition to Mr. Keele's motions for entry of default and default judgment.[13] Mr. Musselman also moved for leave to permit the filing of overlength Motion to Dismiss I[14] and for an extension of time to address whether Snow Haven must be represented by counsel in this case.[15] In response, Mr. Keele moved to strike Mr. Musselman's: (1) opposition to Mr. Keele's motions for entry of default and default judgment;[16] (2) motion for leave to permit the filing of overlength Motion to Dismiss I;[17] and (3) motion for an extension of time to address Snow Haven's representation.[18]

Subsequently, the court issued an order: (1) denying Mr. Keele's motions for entry of default and for default judgment; (2) granting Mr. Keele's motion to strike Motion to Dismiss I and striking Motion to Dismiss I but granting Mr. Musselman and Snow Haven an extension of time to respond to Mr. Keele's amended complaint; and (3) denying as moot Mr. Musselman's motion for leave to permit the filing of overlength Motion to Dismiss I, Mr. Musselman's motion for an extension of time to address Snow Haven's representation, and Mr. Keele's three motions to strike. Several days later, Mr. Keele moved for reconsideration of that order.[19]

---

[13] ECF No. 28.

[14] ECF No. 29.

[15] ECF No. 30.

[16] ECF No. 32.

[17] ECF No. 33.

[18] ECF No. 34.

[19] ECF No. 38.

Mr. Musselman then filed an answer to Mr. Keele's amended complaint.[20] Mr. Musselman also moved: (1) to stay this case as to Snow Haven or, alternatively, for an extension of time for Snow Haven to obtain counsel;[21] (2) to dismiss Mr. Keele's amended complaint under Rule 12(b)(6) ("Motion to Dismiss II");[22] (3) for sanctions against Mr. Keele under Rule 11;[23] and (4) to dismiss Mr. Keele's amended complaint "as a vexatious and retaliatory filing,"[24] to designate Mr. Keele as a vexatious litigant, and for sanctions against Mr. Keele under Rule 11 ("Motion to Dismiss III").[25] The following day, Mr. Musselman filed a corrected Rule 12(b)(6) motion to dismiss ("Motion to Dismiss IV").[26] Consequently, the court terminated Motion to Dismiss II.[27] Mr. Keele subsequently moved to strike each of Mr. Musselman's four motions.[28] Additionally, Mr. Keele filed a renewed motion for entry of default against Snow Haven.[29]

Mr. Musselman later filed: (1) a motion for an extension of time to address the representation of Snow Haven;[30] (2) a motion for retroactive leave to exceed the length limits for

---

[20] ECF No. 40.

[21] ECF No. 41.

[22] ECF No. 42.

[23] ECF No. 43.

[24] ECF No. 44 at 3.

[25] ECF No. 44.

[26] ECF No. 45.

[27] ECF No. 47.

[28] ECF No. 46; ECF No. 50; ECF No. 51; ECF No. 52.

[29] ECF No. 48. Mr. Keele also filed a renewed motion for default judgment against Snow Haven, ECF No. 49, which the court will address at a later date.

[30] ECF No. 53.

Motion to Dismiss I;[31] (3) a motion for retroactive leave to exceed the length limits for Motion to Dismiss III;[32] and (4) a second corrected motion to dismiss Mr. Keele's amended complaint under Rule 12(b)(6) or, alternatively, Rule 12(c) ("Motion to Dismiss V").[33] Mr. Keele moved to strike Mr. Musselman's first, second, and fourth motions.[34]

**ANALYSIS**

For the reasons explained below, the court: (I) denies Mr. Keele's motion for reconsideration of the court's prior order; (II) grants Mr. Keele's motions to strike Mr. Musselman's motions regarding Snow Haven's representation and strikes Mr. Musselman's motions defending Snow Haven; (III) grants Mr. Keele's motion to strike Mr. Musselman's motion for Rule 11 sanctions and strikes Mr. Musselman's Rule 11 motion; (IV) denies as moot Mr. Musselman's motion for retroactive leave to exceed the length limits for Motion to Dismiss I and Mr. Keele's motion to strike that motion for retroactive leave; (V) denies Mr. Musselman's motion for retroactive leave to exceed the length limits for Motion to Dismiss III and, consequently, grants Mr. Keele's motion to strike Motion to Dismiss III and strikes Motion to Dismiss III; (VI) denies Mr. Keele's motions to strike Motion to Dismiss IV and Motion to Dismiss V but provides Mr. Keele with an extension of time to respond to those motions to dismiss; and (VII) grants Mr. Keele's renewed motion for entry of default against Snow Haven.

---

[31] ECF No. 54.

[32] ECF No. 56.

[33] ECF No. 57.

[34] ECF No. 58; ECF No. 59; ECF No. 60.

5

**I.    The Court Denies Mr. Keele's Motion for Reconsideration.**

The court denies Mr. Keele's motion for reconsideration. "[D]istrict courts generally remain free to reconsider their earlier interlocutory orders."[35] "[T]he court has broad discretion in how it considers a motion for reconsideration of an interlocutory order."[36]

> "In short, a district court can use whatever standard it wants to review a motion to reconsider an interlocutory order. It can review the earlier ruling de novo and essentially reanalyze the earlier motion from scratch, it can review the ruling de novo but limit its review, it can require parties to establish one of the law-of-the-case grounds, or it can refuse to entertain motions to reconsider altogether."[37]

Mr. Keele asks the court to reconsider its denial of his first motions for entry of default and for default judgment against Mr. Musselman and Snow Haven. The court declines to do so because Mr. Keele shows nothing more than his disagreement with that ruling, which is an insufficient basis for reconsideration.[38] Therefore, the court denies Mr. Keele's motion for reconsideration.

---

[35] *Been v. O.K. Indus., Inc.*, 495 F.3d 1217, 1225 (10th Cir. 2007).

[36] *Sunwest Bank v. Gannett Co, Inc.*, No. 2:24-CV-00876-DBB-JCB, 2026 WL 1243328, at *2 (D. Utah May 6, 2026).

[37] *Id.* (quoting *Anderson Living Tr. v. WPX Energy Prod., LLC*, 308 F.R.D. 410, 433 (D.N.M. 2015)).

[38] *Lacefield v. Big Planet*, No. 2:06-CV-844 DB, 2008 WL 2661127, at *1 (D. Utah July 3, 2008) ("[A] party seeking reconsideration must show more than a disagreement with the [c]ourt's decision . . . ." (citation modified)); *SCO Grp., Inc. v. Novell, Inc.*, No. 2:04CV139DAK, 2007 WL 2746953, at *1 (D. Utah Sept. 14, 2007) ("A motion to reconsider must be made upon grounds other than a mere disagreement with the court's decision . . . .").

## II.    The Court Grants Mr. Keele's Motions to Strike Mr. Musselman's Motions Regarding Snow Haven's Representation and Strikes Mr. Musselman's Motions.

The court grants Mr. Keele's motions to strike Mr. Musselman's motions related to Snow Haven's representation. Under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 7(a) defines "pleadings" as: "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer."[39] "Generally, motions, briefs, and memoranda may not be attacked by a motion to strike."[40] "The exception to this principle is that a court may choose to strike a filing that is not allowed by local rule."[41] "When courts strike a filing as improperly filed, it becomes a nullity."[42]

---

[39] Fed. R. Civ. P. 7(a)(1)-(7).

[40] *Bunn v. Perdue*, 966 F.3d 1094, 1099 (10th Cir. 2020) (citation modified); *see also Searcy v. Soc. Sec. Admin.*, 956 F.2d 278 (Table), 1992 WL 43490, at *1-2 (10th Cir. Mar. 2, 1992) (affirming "for substantially the same reasons set forth in" the attached magistrate judge's Report and Recommendation the recommendation that a motion to strike the defendant's motion to dismiss should be denied because "there is no provision in the Federal Rules of Civil Procedure for motions to strike motions and memoranda"); *Perez v. El Tequila, LLC*, No. 12-CV-588-JED-PJC, 2015 WL 11144032, at *6 (N.D. Okla. Feb. 13, 2015) ("[M]otions, affidavits, briefs, and other documents outside the pleadings are not properly the subject of motions to strike under Rule 12(f). . . . Nowhere do the [Federal Rules of Civil Procedure] contemplate motions to strike motions, memoranda, affidavits, or any other documents."); 2 Moore's Federal Practice - Civil § 12.37[2] (2026) ("Only material included in a 'pleading' may be the subject of a motion to strike, and courts have been unwilling to construe the term broadly. Motions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike." (citation modified)).

[41] *Bunn*, 966 F.3d at 1099 (citation modified).

[42] *Id.* (citation modified).

As the court indicated a prior order,[43] DUCivR 83-1.3(c)(2) provides that "[a] corporation, association, partnership, or other artificial entity must be represented by an attorney who is admitted" to practice in this court.[44] Under that rule, Mr. Musselman—who is proceeding pro se—cannot move for relief on behalf of Snow Haven. Because Mr. Musselman's motions regarding Snow Haven's representation violate DUCivR 83-1.3(c)(2), the court grants Mr. Keele's motions to strike and strikes Mr. Musselman's motions defending Snow Haven.[45]

### III. The Court Grants Mr. Keele's Motion to Strike Mr. Musselman's Motion for Rule 11 Sanctions and Strikes Mr. Musselman's Rule 11 Motion.

The court grants Mr. Keele's motion to strike Mr. Musselman's motion for Rule 11 sanctions because the Rule 11 motion violates the length limits for such a motion under this court's local rules, and Mr. Musselman did not obtain prior leave of court to file an overlength motion as required by the local rules. DUCivR 7-1(a)(4)(A)-(C) provides the length limits for motions filed under Rule 12(b), Rule 12(c), Fed. R. Civ. P. 23(c), Fed. R. Civ. P. 56(a), and Fed.

---

[43] ECF No. 36 at 5.

[44] This principle is also well established under precedent from the United States Supreme Court and United States Court of Appeals for the Tenth Circuit. *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."); *Commercial & R.R. Bank of Vicksburg v. Slocomb, Richards & Co.*, 39 U.S. 60, 65 (1840) (stating that "a corporation cannot appear but by attorney"); *Osborn v. Bank of U.S.*, 22 U.S. 738, 830 (1824) ("A corporation, it is true, can appear only by attorney, while a natural person may appear for himself."); *Tal v. Hogan*, 453 F.3d 1244, 1254 (10th Cir. 2006) ("It has been our long-standing rule that a corporation must be represented by an attorney to appear in federal court."); *Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 556 (10th Cir. 2001) ("As a general matter, a corporation or other business entity can . . . appear in court [only] through an attorney and not through a non-attorney corporate officer appearing pro se.").

[45] The court acknowledges that Mr. Musselman is proceeding pro se, but that does not excuse his obligation to follow the rules that apply to all litigants, including this court's local rules. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) ("This court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." (citation modified)).

R. Civ. P. 65. For all other motions, DUCivR 7-1(a)(4)(D) applies and provides that "[a] motion . . . may not exceed 10 pages or 3,100 words."[46] Before a party may file a motion exceeding those length limits, the "party must first obtain a court order authorizing the additional pages or words."[47]

Excluding the portions of Mr. Musselman's motion excepted from DUCivR 7-1(a)(4)(D)(i)'s length limits,[48] the motion is approximately 16 pages in length and exceeds 3,100 words. Because Mr. Musselman's Rule 11 motion violates DUCivR 7-1(a)(4)(D)(i), and he did not obtain prior leave of court to file the overlength motion as required by DUCivR 7-1(a)(7)(A), the court grants Mr. Keele's motion to strike Mr. Musselman's Rule 11 motion and strikes Mr. Musselman's Rule 11 motion.

## IV. The Court Denies as Moot Mr. Musselman's Motion for Retroactive Leave to Exceed the Length Limits for Motion to Dismiss I and Mr. Keele's Motion to Strike That Motion for Retroactive Leave.

The court denies as moot Mr. Musselman's motion for retroactive leave to exceed the length limits for Motion to Dismiss I because the court has already stricken Motion to Dismiss I.[49] Thus, Motion to Dismiss I is "a nullity."[50] Consequently, the court also denies as moot Mr. Keele's motion to strike Mr. Musselman's motion for retroactive leave.

---

[46] DUCivR 7-1(a)(4)(D)(i).

[47] DUCivR 7-1(a)(7)(A).

[48] DUCivR 7-1(a)(6)(B) (providing that "[t]he caption, face sheet, table of contents, table of authorities, signature block, certificate of service, and exhibits do not count toward the page or word limit" for motions).

[49] ECF No. 36 at 5, 6.

[50] *Bunn*, 966 F.3d at 1099 (citation modified).

**V.    The Court Denies Mr. Musselman's Motion for Retroactive Leave to Exceed the Length Limits for Motion to Dismiss III and, Consequently, Grants Mr. Keele's Motion to Strike Motion to Dismiss III and Strikes Motion to Dismiss III.**

The court denies Mr. Musselman's motion for retroactive leave to exceed the length limits for Motion to Dismiss III. Because Motion to Dismiss III was not brought under Rule 12(b),[51] Rule 12(c), Rule 23(c), Rule 56(a), or Rule 65, the length limits of DUCivR 7-1(a)(4)(D)(i) (i.e., 10 pages or 3,100 words) apply. Additionally, as noted above, DUCivR 7-1(a)(7)(A) required Mr. Musselman to obtain prior leave of court before filing an overlength motion.

Omitting the portions of Motion to Dismiss III that do not apply to DUCivR 7-1(a)(4)(D)(i)'s length limits,[52] Motion to Dismiss III is approximately 20 pages in length and over 6,000 words. Thus, the motion violates DUCivR 7-1(a)(4)(D)(i). Further, Mr. Musselman did not obtain prior leave of court before filing the overlength motion, which violates DUCivR 7-1(a)(7)(A).

Acknowledging his failure to obtain prior leave of court, Mr. Musselman asks the court to retroactively grant him such leave with respect to Motion to Dismiss III. The court declines to do so because Motion to Dismiss III was filed after a court order that notified Mr. Musselman of the requirements of DUCivR 7-1(a)(4).[53] Having that notice, Mr. Musselman should have consulted this court's local rules before filing Motion to Dismiss III. Accordingly, the court denies Mr. Musselman's motion for retroactive leave to exceed the length limits for Motion to Dismiss III.

---

[51] Although Motion to Dismiss III includes one citation to Rule 12(b)(6), ECF No. 44 at 3, it contains no argument or analysis concerning Rule 12(b)(6).

[52] DUCivR 7-1(a)(6)(B).

[53] ECF No. 36 at 4.

Turning to Mr. Keele's motion to strike, the court grants that motion because Motion to Dismiss III violates DUCivR 7-1(a)(4)(D)(i), and Mr. Musselman did not obtain prior leave of court to file the overlength motion as required by DUCivR 7-1(a)(7)(A). Therefore, the court strikes Motion to Dismiss III.

**VI.    The Court Denies Mr. Keele's Motions to Strike Motion to Dismiss IV and Motion to Dismiss V but Provides Mr. Keele With an Extension of Time to Respond to Those Motions to Dismiss.**

The court denies Mr. Keele's motions to strike Motion to Dismiss IV and Motion to Dismiss V because his motions to strike are improper. As stated above, unless a motion "is not allowed by local rule,"[54] "motions, briefs, and memoranda may not be attacked by a motion to strike."[55] In his motions to strike Motion to Dismiss IV and Motion to Dismiss V, Mr. Keele presents substantive arguments as to why those motions to dismiss should be denied.[56] Making such arguments in a motion to strike another motion is improper. Instead, Mr. Keele should have

---

[54] *Bunn*, 966 F.3d at 1099 (citation modified).

[55] *Id.* (citation modified); *see also Searcy*, 956 F.2d 278 (Table), 1992 WL 43490, at *1-2; *Perez*, 2015 WL 11144032, at *6; 2 Moore's Federal Practice - Civil § 12.37[2].

[56] In addition to presenting substantive arguments in his motion to strike Motion to Dismiss IV, Mr. Keele argues that Motion to Dismiss IV violates DUCivR 7-1(c)(2). Mr. Keele contends that DUCivR 7-1(c)(2) provides that "every motion to dismiss 'must include the following caution language in bold type in the top right corner of the first page: This motion requires you to respond. Please see the Notice to Responding Party.'" ECF No. 50 at 3. However, that quoted language does not appear in DUCivR 7-1(c)(2). As best the court can tell, Mr. Keele has quoted and is relying upon Utah R. Civ. P. 7(c)(2). Utah R. Civ. P. 7(c)(2) ("For all dispositive motions, the motion must include the following caution language at the top right corner of the first page, in bold type: This motion requires you to respond. Please see the Notice to Responding Party." (citation modified)). Because the Utah Rules of Civil Procedure have no application to cases in this court, Mr. Keele's argument fails.

raised those arguments in oppositions to Motion to Dismiss IV and Motion to Dismiss V.[57]

Therefore, the court denies Mr. Keele's motions to strike those motions to dismiss. However, the court provides Mr. Keele with an extension of time to oppose those motions. Mr. Keele may file an opposition to Motion to Dismiss IV and an opposition to Motion to Dismiss V by no later than August 24, 2026.

**VII.     The Court Grants Mr. Keele's Renewed Motion for Entry of Default Against Snow Haven.**

The court grants Mr. Keele's renewed motion for entry of default against Snow Haven. In its prior order, the court was lenient in both providing Snow Haven with an extension of time to respond to Mr. Keele's amended complaint and notifying Mr. Musselman that Snow Haven can appear in this case only through counsel.[58] Despite that leniency, several months have passed since that order, and Snow Haven has not appeared through counsel to file a response to Mr. Keele's amended complaint. Those changed circumstances compel the conclusion that Snow Haven "has failed to plead or otherwise defend" against Mr. Keele's amended complaint, and, therefore, "the clerk must enter [Snow Haven]'s default."[59] Consequently, the court grants Mr. Keele's renewed motion for entry of default against Snow Haven and directs the Clerk of Court to enter a default certificate against Snow Haven.

---

[57] *Carter v. Fed. Nat'l Mortg.*, No. 1:16CV57DAK, 2017 WL 1316957, at *1 (D. Utah Apr. 7, 2017) (concluding that a motion to strike another motion was "improper" and stating that if a party believes another party has "filed improper motions," the party "should explain what is improper with the motions in [the] memoranda opposing the motions" and "address any procedural or substantive issues in a memorandum in opposition to the allegedly objectionable motion").

[58] ECF No. 36 at 4-5.

[59] Fed. R. Civ. P. 55(a).

## ORDER

For the reasons stated above, the court HEREBY ORDERS:

1.    Mr. Keele's motion for reconsideration of the court's prior order[60] is DENIED.

2.    Mr. Keele's motions to strike Mr. Musselman's motions regarding Snow Haven's representation[61] are GRANTED, and Mr. Musselman's motions regarding Snow Haven's representation[62] are STRICKEN.

3.    Mr. Keele's motion to strike Mr. Musselman's motion for Rule 11 sanctions[63] is GRANTED, and Mr. Musselman's motion for Rule 11 sanctions[64] is STRICKEN.

4.    Mr. Musselman's motion for retroactive leave to exceed the length limits for Motion to Dismiss I[65] and Mr. Keele's motion to strike that motion for retroactive leave[66] are DENIED AS MOOT.

5.    Mr. Musselman's motion for retroactive leave to exceed the length limits for Motion to Dismiss III[67] is DENIED. Consequently, Mr. Keele's Motion to Strike

---

[60] ECF No. 38.

[61] ECF No. 46; ECF No. 59.

[62] ECF No. 41; ECF No. 53.

[63] ECF No. 52.

[64] ECF No. 43.

[65] ECF No. 54.

[66] ECF No. 60.

[67] ECF No. 56.

Motion to Dismiss III[68] is GRANTED, and Motion to Dismiss III[69] is STRICKEN.

6.    Mr. Keele's Motions to Strike Motion to Dismiss IV and Motion to Dismiss V[70] are DENIED. Mr. Keele may file an opposition to Motion to Dismiss IV[71] and an opposition to Motion to Dismiss V[72] by no later than August 24, 2026.

7.    Mr. Keele's renewed motion for entry of default against Snow Haven[73] is GRANTED. The Clerk of Court shall enter a default certificate against Snow Haven.

IT IS SO ORDERED.

DATED this 10th day of August 2026.

BY THE COURT:

_____
JARED C. BENNETT
United States Magistrate Judge

---

[68] ECF No. 51.

[69] ECF No. 44.

[70] ECF No. 50; ECF No. 58.

[71] ECF No. 45.

[72] ECF No. 57.

[73] ECF No. 48.

14