IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KAMRON KEELE,<br><br>Plaintiff,<br>v.<br><br>SNOW HAVEN RETREAT, LLC, a Utah limited liability company, JAMES DUNN, and DAVID MUSSELMAN,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT SNOW HAVEN'S MOTION TO SET ASIDE DEFAULT CERTIFICATE, DENYING PLAINTIFF'S SECOND MOTION FOR DEFAULT JUDGMENT, AND GRANTING PLAINTIFF'S MOTION TO FILE SURREPLY AND OVERULING OBJECTION TO NEW MATTER SUBMITTED WITH REPLY<br><br>Case No. 2:25-cv-00806-TS-JCB<br><br>District Judge Ted Stewart<br>Magistrate Judge Jared C. Bennett |

This matter comes before the Court on Plaintiff's Second Motion for Default Judgment Against Defendant Snow Haven Retreat, LLC,[1] Defendant Snow Haven's Motion to Set Aside Default Certificate and Objection to Submission of Proposed Default Judgment,[2] and Plaintiff's Motion to File Surreply and Objection to New Matter Submitted with Reply.[3] For the reasons discussed below, the Court will grant Snow Haven's Motion and overrule its Objection, deny Plaintiff's Motion for Default Judgment, grant Plaintiff's Motion to File Surreply, and overrule his Objection.

[1] Docket No. 49.

[2] Docket No. 69.

[3] Docket No. 74.

## I. BACKGROUND

Plaintiff Kamron Keele sues Defendants Snow Haven Retreat LLC ("Snow Haven"), James Dunn, and David Musselman for claims related to prior litigation involving the parties. Mr. Musselman is the sole member and manager of Snow Haven, which owns certain real property located in Brighton, Utah.[4]

The Court previously chronicled the facts leading up to and supporting the entry of the default certificate in its August 10, 2026, Memorandum Decision and Order[5] and will not do so again here. Pertinent here, Mr. Musselman initially filed responses to the Complaint on behalf of Snow Haven before the Court notified Mr. Musselman that Snow Haven could only appear in the case through counsel. After the Court made several attempts to give Snow Haven time to respond to the suit, Snow Haven failed to appear through counsel and eventually, the Court granted Plaintiff's motion for entry of default and the Clerk entered the default certificate on August 10, 2026.[6] Thereafter, on August 21, 2026, Snow Haven appeared through counsel and filed the present Motion to Set Aside Default.

## II. DISCUSSION

Pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, a "court may set aside an entry of default for good cause." "The good cause requirement under Rule 55(c) is a lower standard than what is required to set aside a default judgment."[7] "The principal factors in determining whether a defendant has met the good case standard are (1) whether the default was

---

[4] Docket No. 13 ¶ 9.

[5] Docket No. 62.

[6] Docket No. 63.

[7] *Gillespie v. N.A.R., Inc.*, No. 2:19-CV-439-DAK, 2019 WL 13219366, at *1 (D. Utah Sept. 12, 2019) (citing *Polanski v. Colo. Dep't of Transp.*, 198 F. App'x 684, 685 (10th Cir. 2006)).

the result of culpable conduct of the defendant, (2) whether the plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant presented a meritorious defense."[8] However, "[t]hese factors are not 'talismanic' and the court may consider other factors."[9] "The standard for setting aside an entry of default under Rule 55(c) is fairly liberal because 'the preferred disposition of any case is upon the merits and not by default judgment.'"[10]

As to the first factor, "[g]enerally a defendant's conduct will be considered culpable [only] if [the party] defaulted willfully or has no excuse for the default."[11] Defendant asserts that its failure to appear was not a result of culpable conduct but rather due to a lack of funds to pay for legal representation[12] and that it was not an unresponsive party given Mr. Musselman's attempts to defend Snow Haven.[13] Plaintiff responds by asserting that "failure to seek advice of counsel does not constitute excusable neglect,"[14] which is not the standard applicable here. Because there is no evidence that Defendant defaulted willfully and Defendant has presented an excuse for default, the Court concludes that this factor weighs in favor of setting aside the default.

---

[8] *Hunt v. Ford Motor Co.*, 65 F.3d 178, 1995 WL 523646, at *3 (10th Cir. Aug. 29, 1995) (unpublished).

[9] *Id.* (quoting *In re Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992)).

[10] *Crutcher v. Coleman*, 205 F.R.D. 581, 584 (D. Kan. 2001) (quoting *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970)).

[11] *Hunt*, 1995 WL 523646, at *3 (citation omitted).

[12] Docket No. 69, at 6.

[13] Docket No. 73, at 4.

[14] Docket No. 71, at 7 (quoting *Cessna Fin. Corp v. Bielenberg Masonry Contracting, Inc.*, 715 F.3d 1442, 1446 (10th Cir. 1983) (applying Rule 60(b) to a motion to set aside default judgment)). *See Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997) ("[T]he good cause required by Fed. R. Civ. P. 55(c) for setting aside entry of default poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under Fed. R. Civ. P. 60(b).").

Furthermore, the Court does not find that Plaintiff is prejudiced if the entry is set aside. Plaintiff contends that he would be prejudiced by delay because of the time that has lapsed since he filed suit and because he has been required to litigate Snow Haven's absence multiple times.[15] However, the case is still in its infancy with motions to dismiss still pending and no scheduling order. Further, Defendant moved to set aside the default certificate less than two weeks after it was entered.

Defendant also presents defenses to the Complaint that should be reviewed on their merits. Snow Haven asserted in its Motion that it "contemplates presenting similar defenses as set forth in Musselman's pending motions to dismiss"[16] and with its Reply, it attached a draft of a Joinder in Defendant Musselman's Motion to Dismiss and a Motion to Dismiss.[17] Plaintiff objects to the exhibit on a number of grounds, including that it is not evidence, it is merely a draft, it is not a responsive pleading, and it fails to include facts.[18] While this may be true, the Court will overrule these objections. In his Response, Plaintiff argued that Defendant failed to present a meritorious defense and that "nothing prevented counsel from attaching a proposed answer as an exhibit."[19] Defendant then opted to attach a draft motion, which the Court considers as supporting meritorious defenses against the Complaint. Even if the Court did not consider the exhibit, the Court would still find that this factor weighs in favor of setting aside the default certificate based on the motions to dismiss filed by the other Defendants in this case.

---

[15] Docket No. 71, at 9.

[16] Docket No. 69, at 7.

[17] Docket No. 73-1.

[18] Docket No. 74.

[19] Docket No. 71, at 8.

Plaintiff filed a Motion for Leave to File Surreply and attached the proposed Surreply to his Motion. The Court will grant the Motion and considered Plaintiff's Surreply in weighing the factors above.

Accordingly, based on these factors and the judicial system's strong preference to resolve cases on their merits,[20] the Court finds that Defendant has shown good cause to set aside the entry of default certificate and will therefore grant Defendant's Motion.

III. CONCLUSION

It is therefore

ORDERED that Plaintiff's Renewed Motion for Entry of Default Against Defendant Snow Haven (Docket No. 49) is DENIED; it is further

ORDERED that Defendant Snow Haven's Motion to Withdraw Default Certificate and Set Time to Respond (Docket No. 69) is GRANTED and the Objection to Submission of Proposed Default Judgment is OVERRULED AS MOOT; it is further

ORDERED that the Clerk's Entry of Default (Docket No. 63) is SET ASIDE; it is further

ORDERED that Plaintiff's Motion for Leave to File Surreply (Docket No. 74) is GRANTED and the Objection to New Matters Submitted is OVERRULED; it is further

ORDERED that Defendant Snow Haven must answer or otherwise respond to the Amended Complaint within twenty-one (21) days from the date of this Order.

//

[20] *See Gomes,* 420 F.2d at 1366 ("The preferred disposition of any case is upon its merits and not by default judgment."); *Polaski*, 198 F. App'x at 685 ("Default judgments are disfavored by courts.").

DATED September 30, 2026.

BY THE COURT:

______________________________

TED STEWART
United States District Judge