Kamron Keele
720 Magnolia Rd.
Barrington, Illinois 60010
(801) 661-7706
kamronkeele@gmail.com

Pro se

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KAMRON KEELE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>SNOW HAVEN RETREAT, LLC, a Utah limited liability company, JAMES DUNN, an individual, and DAVID MUSSELMAN, an individual,<br><br>Defendants. | **PLAINTIFF'S OBJECTION TO NEW EVIDENCE SUBMITTED WITH DEFENDANT SNOW HAVEN RETREAT, LLC'S REPLY (ECF NO. 79)**<br><br>Civil No. 2:25-cv-00806-TS-JCB<br><br>Judge Ted Stewart<br>Magistrate Judge Jared C. Bennett |

Pursuant to DUCivR 7-1(b)(3), Plaintiff Kamron Keele objects to Exhibit A to Defendant Snow Haven Retreat, LLC's Reply (ECF No. 79) (which is the initial November 8, 2023 Judgment and Order of Judge Andrew Stone in connection with a cursory and expedited process in Snow Haven Retreat, LLC v. Keele, No. 230906517 (Utah 3d Dist. Ct.)), and particularly objects to the deceptive use Snow Haven makes of it. Plaintiff does not object to Exhibit B, which is the May 10, 2025 judgment Plaintiff himself filed at ECF No. 78-1.

## BACKGROUND

Snow Haven's Motion to Dismiss (ECF No. 77) attached two exhibits: the Amended Complaint and Defendant Musselman's Second Corrected Motion to Dismiss. Neither is evidence.

On the element now at issue, the Motion argued probable cause from a single proposition — that Snow Haven "held record title when the notice of judgment was recorded, so its wrongful-lien claim had at least 'a chance' of being 'held valid upon adjudication.'" (ECF No. 77 at 12–13.) The Motion cited no order of Judge Stone and attached none.

The Reply attaches one. It appears nowhere in the Motion, nowhere in the Amended Complaint, and nowhere in this record before November 9, 2026. Snow Haven uses it improperly in the hopes to establish that element: "In a November 8, 2023 Judgment and Order, attached as Exhibit A, Judge Stone agreed with Snow Haven, holding that Plaintiff's notice was a wrongful lien because Musselman was not on title when Plaintiff recorded it." (ECF No. 79 at 8.) On that footing the Reply advances a probable-cause theory the Motion never made — that a favorable ruling in the underlying action is "conclusive evidence of the existence of probable cause." (Id. at 7, *citing* Vanover v. Cook, 260 F.3d 1182, 1190 (10th Cir. 2001).)

## ARGUMENT

### I. THE EXHIBIT IS NEW EVIDENCE OFFERED FOR THE FIRST TIME IN A REPLY.

DUCivR 7-1(b)(3) exists for this situation: "If new evidence is offered in a reply, an evidentiary objection must be filed within 7 days after service of the reply." The Reply was served November 9, 2026, and this objection is timely.

A reply is not the place to supply an evidentiary foundation the opening motion omitted. Plaintiff prepared and filed his Opposition without notice of Exhibit A or of the argument now built on it, and the ordinary briefing sequence gives him no opportunity to answer either. That is precisely the asymmetry the rule addresses. Snow Haven's new counsel seems to use this technique regularly, indeed every reply filing in this case to date (and also last week in the separate

consolidated cases (Cases 2 and 3) seeking to remove the injunction against the subject property of that case (i.e., every reply filed by Snow Haven's new counsel to date contains new evidence requiring Plaintiff to jump through these hoops each time)).

## II. SNOW HAVEN OFFERS THE EXHIBIT FOR THE TRUTH OF ITS CONTENTS—THE ONE USE ITS OWN AUTHORITY FORBIDS.

The Reply opens by stating the governing limit. Quoting Tal v. Hogan, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006), it tells the Court that a court's own files and records of a matter of public record may be considered on a Rule 12(b)(6) motion, but that "those records *may only be considered to show their contents, not to prove the truth of matters asserted therein*." (ECF No. 79 at 1–2.)

Six pages later the Reply does the opposite. It offers Judge Stone's findings and conclusions to prove that the lien *was* wrongful, that Musselman *was* off title, and that Plaintiff *did* know — Finding of Fact 8 states that Plaintiff "knew or had reason to know that the real property was not in the name of David Musselman" (Ex. A at 2) — all in order to establish, as a fact, that Snow Haven had probable cause to sue him. Noticing that an order exists and says what it says is one thing. Treating its findings as true, against the non-movant, on a motion directed at the sufficiency of a pleading, is another.

There is a further reason the findings cannot carry the weight Snow Haven puts on them. Judge Stone's order was entered on Snow Haven's "expedited wrongful lien petition" (Ex. A at 1), a summary procedure under Utah Code § 38-9-205 in which the court "shall schedule a hearing within 10 days" and the proceeding "may only determine whether a document is a wrongful lien" and "may not determine any other property or legal rights of the parties or restrict other legal remedies of any party." § 38-9-205(3)(b), (4). Consistent with that limit, the order reserved Snow

Haven's damages claim "for further proceedings." (Ex. A at 3.) Snow Haven offers the order to establish that it had probable cause to pursue that very claim — a use the statute forecloses and the order itself disclaims.

Finding of Fact 8 is also squarely contrary to the Amended Complaint in this case, which alleges that Defendants — not Plaintiff — knew the transfer was void as to him and that Snow Haven lacked standing to sue. (FAC ¶¶ 27–34, 172–173, 182.) On this motion to dismiss those allegations control. A contested finding made at an expedited hearing in another court, on a record this Court has not seen, cannot displace them.

## III. THE ORDER WAS VACATED.

The order Snow Haven asks this Court to credit is no longer an order. The May 10, 2025 judgment in the consolidated cases provides that in Case No. 230906517 "an ORDER OF DISMISSAL WITH PREJUDICE is hereby entered *while the previous order is vacated*." (ECF No. 78-1 at 2; ECF No. 79, Ex. B at 2.)

Snow Haven concedes the point in the same sentence in which it relies on the exhibit, describing Judge Stone's holding as "a ruling the Stormont Order later vacated." (ECF No. 79 at 8.) Put differently for emphasis: Snow Haven asks this Court to find probable cause established by an order that the court which entered it has withdrawn. The existence of the vacated order is a historical fact. Its findings are not findings any more, however, and they cannot do the work of proof.

## IV. IN THE ALTERNATIVE, CONSIDERING THE EXHIBIT REQUIRES CONVERSION.

If the Court is inclined to consider Exhibit A for the truth of what it says, or to treat it as establishing probable cause, then matters outside the pleadings will have been presented and not excluded, and the Motion "must be treated as one for summary judgment under Rule 56," with "[a]ll parties . . . given a reasonable opportunity to present all the material that is pertinent." Fed. R. Civ. P. 12(d). Conversion would be premature. No discovery has occurred, no scheduling order has entered, and the circumstances surrounding the representations made to Judge Stone lie in Defendants' own files.

## CONCLUSION

Plaintiff respectfully requests that the Court sustain this objection and disregard Exhibit A to the Reply except as evidence of its own existence and contents; decline to treat its findings as true or as establishing probable cause; and, in the alternative, if the exhibit is to be considered for its truth, convert the Motion under Rule 12(d) and afford the parties a reasonable opportunity to develop the record. The Court should also instruct Snow Haven's counsel that, should it continue to utilize such techniques (literally in every reply to date in this case), the Court will impose consequences.

DATED this 15th day of November 2026.

__/s/ Kamron Keele__________

Kamron Keele, Esq.
Pro se

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of November 2026, a true and correct copy of the foregoing PLAINTIFF'S OBJECTION TO NEW EVIDENCE was filed with the Court and served via the Court's CM/ECF electronic filing system on all counsel and parties of record upon the following:

Skylar J. Walker, Esq. — skylar@millerharrisonlaw.com
Miller Harrison LLC (Counsel for Snow Haven Retreat, LLC)

Gary Guelker, Esq. — gguelker@rlattorneys.com (Counsel for James Dunn)

David Musselman — cobaltfreak@gmail.com
7987 S. Big Cottonwood Canyon Rd., Brighton, UT 84121

___/s/ Kamron Keele_________
Kamron Keele, Esq.